IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VASHTI SHERROD,<br>920 Lake Front Drive<br>Mitchellville, MD 20721<br><br>and<br><br>EUGUENE SHERROD,<br>920 Lake Front Drive<br>Mitchellville, MD 20721<br><br>Plaintiffs,<br><br>v.<br><br>FOUR SEASONS HOTELS LIMITED<br>181 Bay Street, Suite 1000<br>Toronto M5J 2T3<br>Canada<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Superior Court for the<br>District of Columbia<br><br>Case No. 0002254-07<br><br><br>Civil Action No._____ |

### NOTICE OF REMOVAL

To:   United States District Court
      For the District of Columbia

      Superior Court for the District of Columbia

      Warren E. Gorman, Esq.
      5530 Wisconsin Avenue, Ste. 1209
      Chevy Chase, MD 20815
      Attorney for Plaintiffs

PLEASE TAKE NOTICE that Defendant Four Seasons Hotels Limited (the "Four Seasons") hereby removes this civil action from the Superior Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for this removal are as follows:

1. A civil action has been commenced and is now pending in the Superior Court for the District of Columbia, wherein Vashti Sherrod and Eugene Sherrod are Plaintiffs and the Four Seasons is Defendant. That action has been designated Case No. 0002254-07 by the Clerk of the aforementioned court. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, motions and orders thus far served upon or by Defendant in Case No. 0002254-07 are attached hereto as Attachment A.

2. Process in Case No. 0002254-07 was served on the Four Seasons on or about April 2, 2007. This Notice of Removal is filed within 30 days of service of the Complaint upon the Four Seasons and, thus, is timely.

3. This action is a civil action in which Plaintiffs allege that they were struck by a temporary room divider in the Seasons Restaurant at the Four Seasons Hotel in Washington, DC. Plaintiffs bring causes of action against Defendant for negligence and strict liability.

4. Plaintiffs Vashti Sherrod and Eugene Sherrod are residents of the state of Maryland. *See* Complaint at ¶1.

5. Defendant Four Seasons is a corporation duly organized and incorporated under the laws of Canada and its principal place of business is in Toronto, Canada.

7. Plaintiff Vashti Sherrod prays for judgment against Defendant Four Seasons in the sum of $500,000.00, plus interests, costs and attorney's fees. Plaintiff Eugene Sherrod prays for judgment against Defendant Four Seasons in the sum of $500,000.00 plus interests, costs and

2

attorney's fees.  Thus, the amount in controversy exceeds $75,000.00, exclusive of costs and attorneys' fees.

8.    Accordingly, the United States District Court for the District of Columbia has jurisdiction over the above-referenced civil action.


WHEREFORE, for the reasons stated above, Case No. 0002254-07, pending in the Superior Court for the District of Columbia should be removed to this Court.

Respectfully submitted,

By *Elisabeth M*

Karla Grossenbacher, ~~Esq. #442~~544
Elisabeth Moriarty-Ambrozaitis, Esq. #488848
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400 (ph)
(202) 828-5393 (fax)
kgrossenbacher@seyfarth.com
emoriarty@seyfarth.com

Attorneys for Defendant Four Seasons Hotels Limited


Date: April 30, 2007

3

<u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing Notice of Removal, was served by first-class

mail, postage prepaid, this 30th day of April, 2007, upon:

> Warren E. Gorman, Esq.
> 5530 Wisconsin Avenue, Ste. 1209
> Chevy Chase, MD 20815

I also certify that I have caused a copy of this Notice of Removal to be filed with the

Clerk of the Court of the Superior Court for the District of Columbia, in accordance with 28

U.S.C. § 1446(d) and have filed herewith as Attachment A all process, pleadings and orders

served upon or by Defendant in that Court, pursuant to 28 U.S.C. § 1446(a).


                                        Elisabeth Moriarty-Ambrozaitis

DC1 30196249.1

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

Vashti Sherrod, et al.

Four Seasons Hotels Limited

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___ 88888 ___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___ 99999 ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Ste. 1209
Chevy Chase, MD 20815
(301) 654-5757

ATTORNEYS (IF KNOWN)

Karla Grossenbacher, Esq.
Elisabeth Moriarty-Ambrozaitis, Esq.
Seyfarth Shaw, LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 463-2400

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ◉ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

- ○ **A. Antitrust**
  - ☐ 410 Antitrust

- ◉ **B. Personal Injury/ Malpractice**
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☒ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ○ **C. Administrative Agency Review**
  - ☐ 151 Medicare Act

  Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)

  Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D. Temporary Restraining Order/Preliminary Injunction**

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

- ○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Negligence and Strict Liability: Diversity Jurisdiction pursuant to 28 U.S.C. section 1441.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** _____ Check YES only if demanded in complaint
   **JURY DEMAND:** YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 4/30/07    SIGNATURE OF ATTORNEY OF RECORD *Elizur*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

VASHTI SHERROD, *et al.*,                    )
                                             )
            Plaintiffs,                       )
                                             )
v.                                           )
                                             )    Civil Action No. 0002254-07
FOUR SEASONS HOTEL LIMITED.                  )    Judge Judith E. Retchin
                                             )
            Defendant.                        )
                                             )
_____     )

**NOTICE OF FILING NOTICE OF REMOVAL TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

To:     The Clerk of the Superior Court
        for the District of Columbia

        Warren E. Gorman, Esq.
        5530 Wisconsin Avenue, Ste. 1209
        Chevy Chase, MD 20815
        Attorney for Plaintiffs


        PLEASE TAKE NOTICE that on this 30th day of April, 2007, Defendant Four Seasons

Hotels Limited (the "Four Seasons"), by undersigned counsel, hereby files its Notice of Filing

Notice of Removal of this action to the United States District Court for the District of Columbia.

A true copy of the Notice of Removal is attached hereto as Exhibit 1.

        Pursuant to 28 U.S.C. § 1446(d), the Superior Court for the District of Columbia may not

proceed further with this matter.

DC1 30196249.1

Respectfully submitted,


By /s/ Karla Grossenbacher
FOUR SEASONS HOTEL LIMITED


Karla Grossenbacher, Esq. #442544
Elisabeth Moriarty-Ambrozaitis, Esq. #488848

Its Attorneys

SEYFARTH SHAW LLP
815 Connecticut Ave., N.W.
Washington, D.C.  20006-4004
(202) 463-2400

Date:  April 30, 2007

DC1 30196249.1

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Filing of Notice of Removal to the

United States District Court for the District of Columbia was served by first-class mail, postage

prepaid, and electronically this 30th day of April, 2007, upon:

>Warren E. Gorman, Esq.
>5530 Wisconsin Avenue, Ste. 1209
>Chevy Chase, MD 20815

/s/ Elisabeth Moriarty-Ambrozaitis
Elisabeth Moriarty-Ambrozaitis

3

DC1 30196249.1

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VASHTI SHERROD,<br>920 Lake Front Drive<br>Mitchellville, MD 20721<br><br>and<br><br>EUGUENE SHERROD,<br>920 Lake Front Drive<br>Mitchellville, MD 20721<br><br>Plaintiffs,<br><br>v.<br><br>FOUR SEASONS HOTELS LIMITED<br>181 Bay Street, Suite 1000<br>Toronto M5J 2T3<br>Canada<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Superior Court for the<br>District of Columbia<br><br>Case No. 0002254-07<br><br><br><br>Civil Action No._____ |

**NOTICE OF REMOVAL**

To:     United States District Court
        For the District of Columbia

        Superior Court for the District of Columbia

        Warren E. Gorman, Esq.
        5530 Wisconsin Avenue, Ste. 1209
        Chevy Chase, MD 20815
        Attorney for Plaintiffs

PLEASE TAKE NOTICE that Defendant Four Seasons Hotels Limited (the "Four Seasons") hereby removes this civil action from the Superior Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for this removal are as follows:

1.    A civil action has been commenced and is now pending in the Superior Court for the District of Columbia, wherein Vashti Sherrod and Eugene Sherrod are Plaintiffs and the Four Seasons is Defendant. That action has been designated Case No. 0002254-07 by the Clerk of the aforementioned court. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, motions and orders thus far served upon or by Defendant in Case No. 0002254-07 are attached hereto as Attachment A.

2.    Process in Case No. 0002254-07 was served on the Four Seasons on or about April 2, 2007. This Notice of Removal is filed within 30 days of service of the Complaint upon the Four Seasons and, thus, is timely.

3.    This action is a civil action in which Plaintiffs allege that they were struck by a temporary room divider in the Seasons Restaurant at the Four Seasons Hotel in Washington, DC. Plaintiffs bring causes of action against Defendant for negligence and strict liability.

4.    Plaintiffs Vashti Sherrod and Eugene Sherrod are residents of the state of Maryland. *See* Complaint at ¶1.

5.    Defendant Four Seasons is a corporation duly organized and incorporated under the laws of Canada and its principal place of business is in Toronto, Canada.

7.    Plaintiff Vashti Sherrod prays for judgment against Defendant Four Seasons in the sum of $500,000.00, plus interests, costs and attorney's fees. Plaintiff Eugene Sherrod prays for judgment against Defendant Four Seasons in the sum of $500,000.00 plus interests, costs and

2

attorney's fees.  Thus, the amount in controversy exceeds $75,000.00, exclusive of costs and attorneys' fees.

8.     Accordingly, the United States District Court for the District of Columbia has jurisdiction over the above-referenced civil action.


WHEREFORE, for the reasons stated above, Case No. 0002254-07, pending in the Superior Court for the District of Columbia should be removed to this Court.

Respectfully submitted,

By _Elisabeth M_____

Karla Grossenbacher, Esq. #442544
Elisabeth Moriarty-Ambrozaitis, Esq. #488848
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400 (ph)
(202) 828-5393 (fax)
kgrossenbacher@seyfarth.com
emoriarty@seyfarth.com

Attorneys for Defendant Four Seasons Hotels
Limited

Date: April 30, 2007

DC1 30196249.1

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Removal, was served by first-class

mail, postage prepaid, this 30th day of April, 2007, upon:

> Warren E. Gorman, Esq.
> 5530 Wisconsin Avenue, Ste. 1209
> Chevy Chase, MD 20815

I also certify that I have caused a copy of this Notice of Removal to be filed with the

Clerk of the Court of the Superior Court for the District of Columbia, in accordance with 28

U.S.C. § 1446(d) and have filed herewith as Attachment A all process, pleadings and orders

served upon or by Defendant in that Court, pursuant to 28 U.S.C. § 1446(a).

Elisabeth Moriarty-Ambrozaitis

**Exhibit A**

**CT** CORPORATION,
A WoltersKluwer Company

**Service of Process
Transmittal**
04/02/2007
Log Number 512096069

APR 0 3 2007

TO:    Randy Weisz
Four Seasons Hotels Limited
1165 Leslie Street
Toronto, ON, M3C 2K8

RE:    **Process Served in District of Columbia**

FOR:    Four Seasons Hotels Limited (Domestic State: ON)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vashti Sherrod and Eugene Sherrod, Pltfs. vs. Four Seasons Hotel Limited, Dft. |
| **DOCUMENT(S) SERVED:** | Initial Order and Addendum, Summons, Complaint |
| **COURT/AGENCY:** | (DC) Superior Court of the District of Columbia, DC<br>Case # 2007 CA 002254 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - Wall Divider Fell on Plaintiffs-Seeking $1,000,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/02/2007 postmarked on 03/29/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days of Service - Initial Order // Within 20 Days of Service of Summons-Answer |
| **ATTORNEY(S) / SENDER(S):** | Warren E. Gorman<br>5530 Wisconsin Avenue<br>Suite 1209<br>Chevy Chase, MD, 20815<br>301-654-5757 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex International Economy, 798143044780<br>CC Recipient(s)<br>Judith C. Miles, Esq., via Regular Mail |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Mark Diffenbaugh<br>1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC, 20005 |
| **TELEPHONE:** | 202-572-3133 |

*Original to L. Brown*
*cc: M. Waugh*

Page 1 of 1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VASHTI SHERROD
    Vs.

C.A. No.    2007 CA 002254 B

FOUR SEASONS HOTEL LIMITED

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date:  March 28, 2007
Initial Conference: 9:30 am, Friday, June 29, 2007
Location:   Courtroom 220
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801 et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia

### CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

VASHTI SHERROD ET. AL.,                     *Plaintiff*

vs.

FOUR SEASONS HOTEL LIMITED,

*Defendant*

**0002254-07**

Civil Action No. _____

## SUMMONS

To the above named Defendant: Serve:  C.T. Corporation Systems
                                        1015 15th Street, N.W., Suite 1000, Washington, DC  20005

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Name of Plaintiff's Attorney Warren E. Gorman, Esq.

5530 Wisconsin Avenue, Suite 1209
Address

Chevy Chase, MD  20815

(301) 654-5757
Telephone

By_____

Deputy Clerk

Date_____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

VASHTI SHERROD
    920 Lake Front Drive
    Mitchelville, MD 20721

-and-

EUGENE SHERROD,
    920 Lake Front Drive
    Mitchelville, MD 20721



0002254-07

                Plaintiffs,              :

        -v-              :      Case No. _____

FOUR SEASONS HOTEL LIMITED      :
    Serve: Resident Agent
          C.T. Corporation Systems
          1015 15th Street, N.W., Suite 1000    ::
          Washington, D.C.  20005

                Defendant.         :

---

### C O M P L A I N T

### Count I – Negligence

    COME NOW the Plaintiffs, Vashti Sherrod and Eugene Sherrod, through counsel and state as follows:

    1.    The plaintiffs are adult citizens of the United States of America and residents of Maryland.

    2.    The defendant, Four Seasons Hotel Limited, is a corporation licensed to do business in the District of Columbia.

3.      The defendant is the owner of a hotel named Four Seasons Hotel within which is a restaurant called Seasons Restaurant that is owned and operated by the defendant.

4.      On or about May 14, 2006, the plaintiffs entered the restaurant, were seated at a table, and ordered a meal in the aforesaid restaurant.

5.      May 14, 2006 was Mothers' Day and there were many patrons within the restaurant.

6.      The defendants, through their agents and employees, placed room dividers within the restaurant in order to separate guests and patrons who were eating within the restaurant.

7.      The room dividers were negligently constructed, negligently placed, not fit for their particular usage, created a hazard, and were dangerous.

8.      As a result of the improper usage of these room dividers or temporary walls being placed in the restaurant and plaintiffs, Eugene Sherrod and Vashti Sherrod suffered injuries as a result of the temporary wall or divider falling on Vashti Sherrod and Eugene Sherrod attempting to stop the wall from falling,

9.      The room divider or wall began to fall on Vashti Sherrod and Eugene Sherrod attempted to stop this fall.  It was the duty of the defendant through its agents and employees to maintain an area where patrons and customers, such as the plaintiffs could dine free of hazards.

10.     The defendant through its agent and employees breached this duty and caused injuries to the plaintiffs.  As result of the actions, inactions and negligence of the defendant through their agents and employees, the plaintiffs suffered mental duress, were unable to pursue their usual social and economic interest, lost time from employment, lost wages andsuffered injuries, some of which are permanent in nature.

2

11.     Vashti Sherrod suffered back, shoulder, neck and nerve damages. Some of those damages are permanent in nature.

12.     Eugene Sherrod suffered nerve damages, marks on his body, back injuries and other injuries, some of which are permanent in nature.

WHEREFORE, plaintiff Vashti Sherrod demands judgment against the defendant in the sum of $500,000.00 plus interests, costs and attorney's fees and Eugene Sherrod demands judgment in the sum of $500,000.00 plus interests, costs and attorney's fees.

## Count II - Strict Liability

13.     The plaintiff incorporates by reference Counts 1 through 12.

14.     The defendant, as the owner of the restaurant within which the plaintiffs were dining is strictly liable to maintain the premises in a safe and non-hazardous manner.

15.     The defendant breached that duty by constructing, placing and failing to maintain room dividers and temporary walls within the restaurant. As a result of the actions and inactions by the defendant through its agents and employees, the plaintiffs were injured.

WHEREFORE, Vashti Sherrod demands judgment against the defendant in the sum of $500,000.00 plus interests, costs and attorney's fees and Eugene Sherrod demands judgment in the amount of $500,000.00 plus interests, costs and attorney's fees.

Respectfully submitted,

WARREN E. GORMAN, ESQ., Bar #172213
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD  20815
(301) 654-5757

3

## JURY DEMAND

The plaintiffs demand a jury on all issues of law and fact.

_____
WARREN E. GORMAN

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

VASHTI SHERROD
     920 Lake Front Drive
     Mitchelville, MD 20721

-and-

EUGENE SHERROD,
     920 Lake Front Drive
     Mitchelville, MD 20721

               Plaintiffs,      :

               -v-         :     Case No. _____

FOUR SEASONS HOTEL LIMITED   :
     **Serve:** Resident Agent
               C.T. Corporation Systems   ::
               1015 15th Street, N.W., Suite 1000
               Washington, D.C.  20005     :

               Defendant.      :
                                   :

0002254-07

## C O M P L A I N T

### Count I – Negligence

COME NOW the Plaintiffs, Vashti Sherrod and Eugene Sherrod, through counsel and state as follows:

1.     The plaintiffs are adult citizens of the United States of America and residents of Maryland.

2.     The defendant, Four Seasons Hotel Limited, is a corporation licensed to do business in the District of Columbia.

3.    The defendant is the owner of a hotel named Four Seasons Hotel within which is a restaurant called Seasons Restaurant that is owned and operated by the defendant.

4.    On or about May 14, 2006, the plaintiffs entered the restaurant, were seated at a table, and ordered a meal in the aforesaid restaurant.

5.    May 14, 2006 was Mothers' Day and there were many patrons within the restaurant.

6.    The defendants, through their agents and employees, placed room dividers within the restaurant in order to separate guests and patrons who were eating within the restaurant.

7.    The room dividers were negligently constructed, negligently placed, not fit for their particular usage, created a hazard, and were dangerous.

8.    As a result of the improper usage of these room dividers or temporary walls being placed in the restaurant and plaintiffs, Eugene Sherrod and Vashti Sherrod suffered injuries as a result of the temporary wall or divider falling on Vashti Sherrod and Eugene Sherrod attempting to stop the wall from falling,

9.    The room divider or wall began to fall on Vashti Sherrod and Eugene Sherrod attempted to stop this fall.  It was the duty of the defendant through its agents and employees to maintain an area where patrons and customers, such as the plaintiffs could dine free of hazards.

10.    The defendant through its agent and employees breached this duty and caused injuries to the plaintiffs.  As result of the actions, inactions and negligence of the defendant through their agents and employees, the plaintiffs suffered mental duress, were unable to pursue their usual social and economic interest, lost time from employment, lost wages and suffered injuries, some of which are permanent in nature.

2

11.    Vashti Sherrod suffered back, shoulder, neck and nerve damages. Some of those damages are permanent in nature.

12.    Eugene Sherrod suffered nerve damages, marks on his body, back injuries and other injuries, some of which are permanent in nature.

WHEREFORE, plaintiff Vashti Sherrod demands judgment against the defendant in the sum of $500,000.00 plus interests, costs and attorney's fees and Eugene Sherrod demands judgment in the sum of $500,000.00 plus interests, costs and attorney's fees.

### Count II - Strict Liability

13.    The plaintiff incorporates by reference Counts 1 through 12.

14.    The defendant, as the owner of the restaurant within which the plaintiffs were dining is strictly liable to maintain the premises in a safe and non-hazardous manner.

15.    The defendant breached that duty by constructing, placing and failing to maintain room dividers and temporary walls within the restaurant. As a result of the actions and inactions by the defendant through its agents and employees, the plaintiffs were injured.

WHEREFORE, Vashti Sherrod demands judgment against the defendant in the sum of $500,000.00 plus interests, costs and attorney's fees and Eugene Sherrod demands judgment in the amount of $500,000.00 plus interests, costs and attorney's fees.

Respectfully submitted,


WARREN E. GORMAN, ESQ., Bar #172213
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD  20815
(301) 654-5757

3

## JURY DEMAND

The plaintiffs demand a jury on all issues of law and fact.

_____

WARREN E. GORMAN

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VASHTI SHERROD
    Vs.                                   C.A. No.     2007 CA 002254 B
FOUR SEASONS HOTEL LIMITED

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date:  March 28, 2007
Initial Conference: 9:30 am, Friday, June 29, 2007
Location:  Courtroom 220
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

**ADDENDUM TO INITIAL ORDER AFFECTING
ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

Filed
D.C. Superior Court
07 Apr 16 P04:51
Clerk of Court

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

VASHTI SHERROD, *et al.*,          )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )
                                    )    Civil Action No. 0002254-07
FOUR SEASONS HOTEL LIMITED          )    Judge Judith E. Retchin
                                    )
            Defendant.              )
                                    )
_____    )

### PRAECIPE CONTAINING RULE 55(a) STIPULATION OF EXTENSION OF TIME TO RESPOND TO COMPLAINT

Pursuant to Rule 55(a) of the Superior Court Rules of Civil Procedure, the undersigned

parties hereby stipulate that Defendant Four Seasons Hotel Limited shall have an additional 20

days in which to plead or otherwise respond in the above-captioned case.

Respectfully submitted,                 FOUR SEASONS HOTEL LIMITED

VASHTI SHERROD and EUGENE
SHERROD                                  By     /s/ Karla Grossenbacher
                                            Karla Grossenbacher, Esq. #442544
                                            Elisabeth Moriarty-Ambrozaitis, Esq.
                                            #488848

By     /s/ Warren E. Gorman
    Warren E. Gorman, Esq. # 172213      Its Attorneys

Their Attorney                           SEYFARTH SHAW LLP
                                         815 Connecticut Ave., N.W.
5530 Wisconsin Avenue, Ste. 1209         Washington, D.C.  20006-4004
Chevy Chase, MD 20815                    (202) 463-2400
(301) 654-5757

Dated: April 16, 2007

DC1 30196241.1

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
**500 Indiana Avenue, N.W.,  Room JM-170**
**Washington, D.C.  20001 Telephone: 879-1133**

VASHTI SHERROD ET. AL.,
                              *Plaintiff*

vs.

FOUR SEASONS HOTEL LIMITED,

                              *Defendant*

0002254-07

Civil Action No. _____

## SUMMONS

To the above named Defendant: Serve:  C.T. Corporation Systems
                    1015 15th Street, N.W., Suite 1000, Washington, DC  20005

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you.  The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays.  You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff.  If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Name of Plaintiff's Attorney Warren E. Gorman, Esq.

5530 Wisconsin Avenue, Suite 1209
Address
Chevy Chase, MD  20815

(301) 654-5757
Telephone

By _____

_____
Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR  THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
04/02/2007
Log Number 512096069

APR 0 3 2007

TO:     Randy Weisz
        Four Seasons Hotels Limited
        1165 Leslie Street
        Toronto, ON, M3C 2K8

RE:     **Process Served In District of Columbia**

FOR:    Four Seasons Hotels Limited (Domestic State: ON)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vashti Sherrod and Eugene Sherrod, Pltfs. vs. Four Seasons Hotel Limited, Dft. |
| **DOCUMENT(S) SERVED:** | Initial Order and Addendum, Summons, Complaint |
| **COURT/AGENCY:** | (DC) Superior Court of the District of Columbia, DC<br>Case # 2007 CA 002254 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - Wall Divider Fell on Plaintiffs-Seeking $1,000,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/02/2007 postmarked on 03/29/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days of Service - Initial Order // Within 20 Days of Service of Summons-Answer |
| **ATTORNEY(S) / SENDER(S):** | Warren E. Gorman<br>5530 Wisconsin Avenue<br>Suite 1209<br>Chevy Chase, MD, 20815<br>301-654-5757 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex International Economy, 798143044780<br>CC Recipient(s)<br>Judith C. Miles, Esq., via Regular Mail |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Mark Diffenbaugh<br>1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC, 20005 |
| **TELEPHONE:** | 202-572-3133 |

*Original to L. Brown*
*cc: M. Waugh*

Page 1 of  1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.