IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VASHTI SHERROD, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FOUR SEASONS HOTELS LIMITED ) | |
| ) | Civil Action No. 1:07-cv-00784-JDB |
| ) | |
| Defendant. ) | |
| ) | |

## **ANSWER**

Defendant Four Seasons Hotels Limited ("Defendant")[1], by its undersigned attorneys, hereby answers Plaintiffs' Complaint as follows:

1.  In answering paragraph 1 of Plaintiffs' Complaint, Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained therein.

2.  Defendant admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.  Defendant denies the allegations contained in paragraph 3 of Plaintiffs' Complaint.

---

[1] Plaintiffs have improperly identified Four Seasons Hotels Limited (FSHL) as the defendant in this matter. The proper defendant in this action is the owner of the Four Seasons Washington, which is DTRS Washington LLC.

2

4. In answering paragraph 4 of Plaintiffs' Complaint, Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained therein.

5. In answering paragraph 5 of Plaintiffs' Complaint, Defendant admits that May 14, 2006 was Mother's Day. Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendant denies the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. In answering the first sentence of paragraph 9 of Plaintiffs' Complaint, Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained therein. The allegations contained in the second sentence of paragraph 9 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint. Defendant further denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 12 of Plaintiffs' Complaint or any other relief.

13. Defendant incorporates by reference, as if fully set forth herein, the answers to paragraphs 1 through 12 of Plaintiffs' Complaint set forth above.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint. Defendant further denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 15 of Plaintiffs' Complaint.

16. All other allegations set forth in Plaintiffs' Complaint that have not heretofore been admitted or denied are hereby specifically and fully denied.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following without assuming any burden of production or proof that it would not otherwise have:

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Defendant is not the proper defendant in this case.

3. Subject to discovery, Plaintiffs' claims are barred, in whole and/or in part, by the doctrine of assumption of risk.

4. Subject to discovery, Plaintiffs' claims are barred, in whole and/or in part, by the doctrine of contributory negligence.

5. Subject to discovery, Plaintiffs have failed to mitigate their alleged damages.

DC1 30197403.3

6. Defendant specifically reserves the right to amend this Answer by adding additional affirmative defenses and/or counterclaims as additional investigation, discovery and circumstances may warrant.

WHEREFORE, Defendant prays that:

1. Plaintiffs' Complaint be dismissed with prejudice in its entirety and that judgment be entered in Defendant's favor.

2. Plaintiffs take nothing by Plaintiffs' Complaint.

3. The Court deny Plaintiffs' requested relief.

4. The Court award Defendant its costs and attorneys' fees.

5. The Court award Defendant such further relief as it deems just and proper.

Respectfully submitted,

By: /s/ Karla Grossenbacher
Karla Grossenbacher, Esq. #442544
Elisabeth Moriarty-Ambrozaitis, Esq. # 488848

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400 (ph)
(202) 828-5393 (fax)

kgrossenbacher@seyfarth.com
emoriarty@seyfarth.com

Attorneys for Defendant Four Seasons Hotels Limited

Date: May 7, 2007

4

DC1 30197403.3

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Answer, was served electronically this 7th day of May 2007, upon:

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Ste. 1209
Chevy Chase, MD 20815

      /s/ Elisabeth Moriarty-Ambrozaitis
Elisabeth Moriarty-Ambrozaitis

DC1 30197403.3