IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

_____
                                                    )
VASHTI SHERROD, *et al.*                            )
                                                    )
                    Plaintiffs,                     )
                                                    )
              v.                                    )
                                                    )
DTRS WASHINGTON LLC,                                )
                                                    )    Civil Action No. 1:07-cv-00784-JDB
                                                    )
                    Defendant.                      )
_____)

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

Defendant, DTRS Washington LLC (hereinafter "the Hotel"), by its undersigned

attorneys and pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7,

hereby moves this Court to compel Plaintiffs to provide full and complete responses to the

Hotel's discovery requests.  The grounds for this motion are set forth more fully in the

accompanying memorandum of points and authorities.

Respectfully submitted,

DTRS WASHINGTON LLC

By:  /s/ Karla Grossenbacher
Karla Grossenbacher, Esq. #442544
Elisabeth Moriarty-Ambrozaitis # 488848

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)
Its Attorneys

Dated: October 9, 2007

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| VASHTI SHERROD, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DTRS WASHINGTON LLC, | ) | |
| | ) | Civil Action No. 1:07-cv-00784-JDB |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## ORDER

In consideration of Defendant's Motion to Compel Discovery, any opposition thereto, and the record herein, it is hereby, this _____ day of October, 2007,

ORDERED that Plaintiffs be compelled to provide a complete listing of all healthcare providers with whom they consulted for the injuries for which they seek recovery in this case, as well as any similar pre-existing injuries and sign and return the signed medical authorization forms to Defendant;

ORDERED that Plaintiff Eugene Sherrod be compelled to accept service of the subpoena for Maid for a Day and to provide all responsive documentation;

ORDERED that Plaintiffs amend their Initial Disclosures to provide a complete listing, with contact information, of all individuals with discoverable information and a calculation of damages;

ORDERED that Plaintiffs provide full and complete responses to Defendant's Interrogatory Nos. 1, 3, 4, 5, 6, 7, 9, 11, 14, 16, and 18;

ORDERED that Plaintiffs provide full and  complete responses to Defendant's Request for Production of Documents Nos. 1, 2, 3, 4, 6, 9, 14 and 16;

DC1 30209650.3

ORDERED that Defendant may conduct the second day of Plaintiffs' depositions after the close of discovery if necessary;

ORDERED that Defendant may conduct the deposition of Plaintiffs' designated expert after the close of discovery;

ORDERED that Defendant may conduct the depositions of Plaintiffs' listed healthcare providers after the close of discovery; and it is further

ORDERED that Plaintiffs reimburse Defendant for its reasonable costs and fees incurred in connection with its preparation and filing of this motion.

SO ORDERED.

_____
John D. Bates
U.S. DISTRICT COURT JUDGE

Copies to:

Karla Grossenbacher
Elisabeth Moriarty-Ambrozaitis
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, D.C.  20006-4004

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Ste. 1209
Chevy Chase, MD 20815

DC1 30209650.3

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Defendant's Motion to Compel Discovery,

Proposed Order, Memorandum of Points and Authorities in Support Thereof with attachments

were served electronically and via first class mail, postage prepaid, this 9th day of October 2007

upon:

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Ste. 1209
Chevy Chase, MD 20815


/s/ Elisabeth Moriarty-Ambrozaitis
Elisabeth Moriarty-Ambrozaitis

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

_____
                                                    )
VASHTI SHERROD, *et al.*                             )
                                                    )
                    Plaintiffs,                     )
                                                    )
            v.                                      )
                                                    )
DTRS WASHINGTON LLC,                                 )
                                                    )     Civil Action No. 1:07-cv-00784-JDB
                                                    )
                    Defendant.                      )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO COMPEL DISCOVERY

Defendant, DTRS Washington LLC (hereinafter, the "Hotel"), by its undersigned

attorneys and pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7,

hereby submits this memorandum of points and authorities in support of its Motion to Compel

Plaintiffs to provide full and complete responses to the Hotel's discovery requests.

INTRODUCTION

The Hotel has diligently tried numerous times to resolve informally the discovery

disputes that form the basis for this motion.  The issues in this motion are not complex, and

Plaintiffs should not have forced the Hotel to seek the Court's intervention to resolve them.  For

example, this is a personal injury case, and Plaintiffs have refused to provide the medical records

requested by the Hotel concerning the injuries for which they claim damages in this case and any

pre-existing injuries of the same nature.  This is but one example of the non-controversial

information sought by the Hotel that Plaintiffs refuse to provide.

Defense counsel sent Plaintiffs' counsel a letter outlining the deficiencies in Plaintiffs' responses to the Hotel's discovery requests (which were over three weeks late). Plaintiffs strung the Hotel along for weeks, claiming they would provide the requested information and then ultimately not doing so. Most recently, the parties agreed to supplement their discovery requests no later than October 5 so they could move forward with depositions, given that discovery closes on November 1. Even though Plaintiffs provided supplemental discovery responses, they did not provide key information and documentation, including medical records, that the Hotel needs in order to depose Plaintiffs.

The Hotel has noticed Plaintiffs' depositions for October 22 and 23. The Hotel is prepared to depose Plaintiffs to the extent it can on these two dates, given it does not have the information it has requested in discovery, including their medical records. However, the Hotel will need to hold the depositions open to continue them on a second day when it has all the information it is seeks to compel in this motion. The Hotel seeks the Court's leave to conduct the second day of Plaintiffs' deposition after the close of discovery, if necessary, depending on when Plaintiffs finally produce the requested information. The Hotel also requests to depose Plaintiffs' so-called expert after the close of discovery as they have not provided the information requested concerning his background and opinions. The Hotel further seeks the Court's leave to conduct depositions of Plaintiffs' health care providers after receiving responsive information from Plaintiffs.

<u>STATEMENTS OF FACTS</u>

Plaintiffs allege that, on May 14, 2006, Mother's Day, they were dining in the Hotel's restaurant and were injured as a result of a room divider that tipped over. The Hotel disputes that Plaintiffs suffered any injuries as a result of this incident. Plaintiffs' Complaint contains claims

2

of negligence and strict liability.  Plaintiffs allege damages in the amount of $500,000.00 each, plus interest, costs and attorney's fees.

Pursuant to the Scheduling Order issued by this Court on June 11, 2007, the parties were to serve Initial Disclosures no later than June 26, 2007.  On June 29, 2007, defense counsel sent Plaintiffs a letter notifying them that the Hotel had not received Plaintiffs' Initial Disclosures. See Ex. A.  Plaintiffs served their Initial Disclosures on July 5, 2007.  See Ex. B.  Their Initial Disclosures did not contain a complete listing of individuals with discoverable information along with their contact information and did not contain the required computation of damages.  By letter dated July 6, 2007, defense counsel set forth in detail the manner in which Plaintiffs' Initial Disclosures were deficient.  See Ex. C.  Since that time, defense counsel has made repeated requests for the amended Initial Disclosures.  Plaintiffs' counsel stated that Plaintiffs would amend their initial disclosures.  To this date, they have not done so.

On June 25, 2007, the Hotel served its First Set of Interrogatories and Request for Production of Documents which were due on July 25, 2007.  See Ex. D.  The Hotel's discovery requests focus, among other things, on witnesses to the alleged incident, Plaintiffs' medical records and information pertaining to lost wages.  On the same day, the Hotel requested dates in early to mid-August on which the Hotel could schedule Plaintiffs' depositions.  Plaintiffs' counsel has continuously refused to provide any dates for Plaintiffs' depositions.

The Hotel has persistently attempted to obtain responses to their discovery requests from Plaintiffs to no avail.  The following list illustrates the Hotel's repeated requests to obtain response discovery from Plaintiffs and Plaintiffs' inadequate responses:

- July 25, 2007:    Plaintiffs' responses to the Hotel's discovery requests due.

- July 31, 2007:    Defense counsel inquire as to status of overdue responses and requests they be provided by August 3rd See Ex. E.

- Aug. 23, 2007:     Defense counsel receives Plaintiffs' discovery responses (dated August 16, 2007). <u>See</u> Ex. F.

- Aug. 30, 2007:     Defense counsel sends letter to Plaintiffs' counsel regarding deficiencies in discovery responses. <u>See</u> Ex. G.

- Sept. 12, 2007:    Defense counsel sends letter to Plaintiffs' counsel requesting Local Rule 7(m) conference. <u>See</u> Ex. H.

- Sept. 24, 2007:    Defense counsel sends another letter to Plaintiffs' counsel requesting Local Rule 7(m) conference. <u>See</u> Ex. I.

- Sept. 25, 2007:    Plaintiffs' counsel sends letters to defense counsel claiming medical records request was overbroad and deficiencies in Defendant's discovery responses. <u>See</u> Ex. J.

- Sept. 26, 2007:    Defense counsel's letter responding to insufficient supplementation in Sept. 24, 2007 letters from Plaintiff's counsel. <u>See</u> Ex. K.

    Local Rule 7(m) conference conducted;
    Plaintiffs agree to supplement discovery response no later than October 5.

- Sept. 28, 2007:    Defense counsel sends letter summarizing discussions and agreements in Local Rule 7(m) conference. <u>See</u> Ex. L.

- Oct. 5, 2007:      Plaintiffs provide supplemental discovery responses that do not contain the requested information. <u>See</u> Ex. M.

Despite its diligent efforts, the Hotel has been unable to obtain from Plaintiffs the information to which it is entitled, and has thus been forced to seek the Court's intervention.

<u>ARGUMENT</u>

I.     <u>WITNESS INFORMATION</u>

    Plaintiffs have not provided the Hotel with a complete listing of individuals having discoverable information in this suit in either their Initial Disclosures or their interrogatory answers. The Initial Disclosures identify five individuals and general health care "personnel" at listed health care providers with no full names and no contact information. Plaintiffs have also

4

failed to provide complete contact information in response to Interrogatory Nos. 1 and 9, which asked Plaintiffs to identify individuals who have knowledge of the facts of this case and who sat at the table on May 14, 2006 with Plaintiffs. Plaintiffs do not identify the subjects of discoverable information that the listed individuals possess in their Initial Disclosures. Plaintiffs did not even include all of the people who were in their party at the Hotel restaurant during the incident at issue in this case. For example, Plaintiffs admit in their interrogatory answers that their son, Thomas Hill, was with them on that day. Yet, he is not included in their Initial Disclosures. In their supplemental interrogatory answers, Plaintiffs finally provided a P.O. Box for Thomas Hill, but even this is no help to the Hotel. The Hotel needs address information for Mr. Hill – who is an eye witness to the incident at issue in this case – so that it can subpoena him for deposition. Surely, Plaintiffs have current address information for their own son; they are just refusing to provide it.

Plaintiffs also list someone named Charles Auer in their Initial Disclosures but do not give the Hotel any idea who he is or what he knows about the case. Oddly, he is not mentioned in their interrogatory answers. Plaintiffs have also included individuals and health care providers in their answers to interrogatories that are not contained in the Initial Disclosures. Plainly, Plaintiffs have not provided a comprehensive listing of the individuals who they believe have information concerning their claims as required by Rule 26(a). In sum, Plaintiffs need to provide a comprehensive listing of the individuals who have knowledge regarding the allegations in their Complaint, describe their knowledge and provide full and complete contact information for them.

II.     INFORMATION ON DAMAGES

Plaintiffs were required to provide "a computation of any category of damages claimed" in their Initial Disclosures under Rule 26(c).  The Hotel also requested such information in Interrogatory No. 3 – which, *inter alia*, seeks the monetary value of each item of relief prayed as well as a breakdown of the dollar amount.  However, Plaintiffs failed to provide a computation of how Plaintiffs arrived at the $500,000.00 in damages each of them seeks to recover in the Complaint.  The Hotel is entitled to receive all the information required by Rule 26 and requested in Interrogatory No. 3 regarding computation of damages.  Plaintiffs should be compelled to provide this information.

III.     MEDICAL RECORDS AND HEALTH CARE PROVIDERS

The Hotel's discovery requests pertaining to medical records and health care providers are narrow in scope.  Specifically, the Hotel's requests focus on the injuries that Plaintiffs' allegedly suffered on May 14, 2006 and pre-existing injuries similar in nature.  Defense counsel included medical authorization forms for Plaintiffs to complete with its initial discovery requests so that the Hotel could obtain the relevant medical records directly from the health care providers who treated Plaintiffs for the injuries for which they seek to recover damages in this case and any similar pre-existing injuries.[1]

The Hotel's Requests for Production of Documents Nos. 1, 2, 3, 4, 6, and 9, requested *inter alia*, that Plaintiffs provide all medical records that reflect any treatment for injuries alleged in the Complaint, as well as any pre-existing injuries of a similar nature.  Interrogatory Nos. 4 and 5 asked Plaintiffs to identify all physicians and health care professionals that Plaintiffs

---

[1] Importantly, these medical authorization forms were not blanket authorizations.  The forms contained an area for Plaintiffs to insert the names of the relevant health care professionals from which the Hotel could obtain records.

6

sought treatment from in connection with the alleged incident on May 14, 2007 and for pre-existing injuries or impairments to their arms, shoulders or back and a description of the treatment they received.

In response to the document requests, Plaintiffs provided a stack of documents to defense counsel that were not bates-labeled, had no other form of identifier and were in no particular order. The medical records were incomplete, cut-off in places and contained copies faded to the point of being illegible. The Hotel has repeatedly requested that Plaintiff sign authorizations that will allow it to obtain the information directly from the healthcare providers. Defense counsel provided copies of the medical authorization forms to Plaintiffs three times (June 25, 2007, August 30, 2007 and September 28, 2007), with self-addressed stamped envelopes enclosed. To date, Plaintiffs have not provided the requested medical records or signed and returned the medical authorization forms so that the Hotel may subpoena their medical records. It is obvious that Plaintiffs have simply produced what medical records they happen to have on hand rather than requesting complete sets from the relevant healthcare providers.

In response to the interrogatories, rather than simply listing the physicians along with their contact information and a brief description of their treatment, as requested, both Plaintiffs' provided non-responsive answers to Interrogatory No. 4. This Interrogatory sought the names of the physicians Plaintiffs have consulted regarding the injuries for which they are seeking recovery in this case. Plaintiff Vashti Sherrod referred the Hotel to her response to her "Production of Document" and her damages calculation in her answer to Interrogatory No. 3. Similarly, Plaintiff Eugene Sherrod referred to "all medical visits and medication concerning the incident listed in the complaint," his damages calculation in response to Interrogatory No. 3 and

7

his response to "production (sic) of Documents." Plaintiffs did not provide the names and contact information for anyone who they have consulted regarding their injuries in this case.

In response to Interrogatory No. 5 regarding pre-existing injuries, Plaintiffs identified Dr. David Johnson as having treated both of them for injuries from a prior car accident and a Christopher McMackin or Lawrence Gimmoch who they consulted for food poisoning. Plaintiffs did not provide any contact information for these individuals or describe their treatment.

In sum, Plaintiffs' responses to the Hotel's discovery requests concerning medical records and health care providers are completely inadequate, and this Court must compel Plaintiffs to provide the requested information. The Hotel requests that the Court direct Plaintiffs to provide a full and complete listing of health care providers with whom they consulted regarding the injuries for which they seek to recover in this case and any pre-existing injuries of a similar nature. The Hotel further requests that the Court compel Plaintiffs to sign and return the medical authorization forms so that the Hotel can obtain full and complete medical records for such injuries. The Hotel also seeks leave to depose the health care providers after the close of discovery, if necessary, depending upon when the records are produced.

IV.   INFORMATION REGARDING EXPERT WITNESS

Interrogatory No. 6 asked Plaintiffs, *inter alia*, to identify any expert who they plan to engage and/or use and the factual basis for such testimony or opinions. Request No. 8 asked Plaintiffs to produce all documents reviewed, prepared, and drafted by an expert witness. Plaintiffs both provided in their supplemental answers that they plan to use Dr. David Johnson as an expert. However, Plaintiffs did not provide the requested information concerning his background and opinions. The Hotel requests that the Court direct Plaintiffs to provide a full and complete response to this Interrogatory, including Dr. David Johnson's background,

8

qualifications and opinions in this case.  The Hotel further request that it be permitted to depose

Dr. David Johnson after the close of discovery upon receiving the requested information from

Plaintiffs.

V.    INFORMATION REGARDING OTHER CLAIMS AND LAWSUITS

Interrogatories Nos. 7 and 11 asked Plaintiffs to identify all lawsuits, complaints, charges,

grievances and petitions filed by or against Plaintiffs, and testimony given in any proceeding.  In

their first responses to Interrogatory No. 7, Plaintiffs did not provide the dates of the lawsuits, the

names of the courts in which such suits were filed, the subject matter thereof and the outcomes of

all of the listed cases.  Plaintiffs stated that "there may have been other causes of action in other

years" but failed to provide any specific information.  Plaintiffs also failed to identify any

relevant documents.  In their supplemental responses,  Plaintiffs did not provide complete

information for the cases they listed, such as dates, outcomes and the specific Court for each

listed case.  See Ex. F, M.

Interrogatory No. 18 asked Plaintiffs to identify and describe and demands, claims, letters

or any form of communication making an offer of compromise or settlement or seeking

compensation for an alleged accident or legal wrong.  Both Plaintiffs objected to this

Interrogatory by stating that "request for records for settlement are not discoverable.  Irrespective

of that objection my attorneys attempted to settle other cases and requested a payment."  See Ex.

F.  In other words, Plaintiffs failed to provide any responsive information.

The Hotel is entitled to seek discovery that tends to show Plaintiffs are "claims-minded

plaintiffs" which it appears they are based on the numerous insurance claims and lawsuits they

have filed together and individually over the years.  The Hotel is aware of a number of claims

and/or lawsuits brought by Plaintiffs containing allegations of negligence and personal injuries.

9

The Hotel believes that Plaintiffs are highly litigious and frequently file claims against hospitality and customer service establishments. As such, the Hotel is entitled to the requested information to explore this theory. Contrary to Plaintiffs' assertion, Plaintiffs' claims, demands and requests for settlement in other matters are not privileged. To the extent that Plaintiffs claimed privilege, the undersigned counsel requested on August 30, 2007 that Plaintiffs provided a privilege log. Plaintiffs provided no privilege log.

VI.    INFORMATION ON THEIR EMPLOYMENT AND ALLEGED LOST WAGES

Plaintiffs have alleged damages for lost wages, claiming that they were unable to report for work at Maid for a Day, where they both claim to have worked. The Hotel prepared a subpoena to serve on Maid for a Day and discovered that Plaintiff Eugene Sherrod is listed as the registered agent for Maid for a Day. See Ex. N. Although this information is also requested in the Hotel's document requests (see Requests Nos. 14 and 16), the Hotel sent a subpoena to Plaintiffs' counsel directed to Plaintiff Eugene Sherrod in his capacity as registered agent for Maid for a Day on July 19, 2007 to the extent Maid for a Day had additional documents. See Ex. O.

In a letter accompanying the subpoena, defense counsel requested that Plaintiffs' counsel inform them immediately if he did not accept service. After repeated requests for the Maid for a Day information, Plaintiffs' counsel finally informed defense counsel – two full months after first receiving the subpoena – that he would not accept service of the subpoena. Since that time, the Hotel has tried to serve the subpoena on Plaintiff Eugene Sherrod, but he appears to be evading service. Plaintiffs have not produced the requested information regarding Maid for a Day. It is ridiculous that Plaintiffs are making the Hotel jump through such hoops to get this information, especially since it is also encompassed in the Hotel's discovery requests.

10

Interrogatory Nos. 14 and 16 asked Plaintiffs, *inter alia*, to identify every employment position they have held since May 1, 2005, to state their annual salary, and to identify all compensation received from May 14, 2006. In response to Interrogatory No. 14, on August 16, 2007, Plaintiffs answered that they worked for Maid for a Day, but did not provide their hourly rates or annual salaries, identify their positions, or their tenure with Maid for a Day. In response to Interrogatory No. 16, on August 26, 2007, Plaintiffs simply gave the dates on which they missed work without providing the compensation information requested. Indeed, Plaintiff Vashti Sherrod provided dates that she missed work in 2005, not 2006, the year of the alleged incident.

Request for Production of Documents No. 14 asked Plaintiffs to provide all documents reflecting any income or compensation they had received since May 14, 2006, including federal and state income tax returns. Plaintiffs have only produced W-2 forms for 2005 and 2006. Plaintiffs have not produced any federal and state income tax returns. The Hotel is entitled to such documents as Plaintiffs claim lost wages in this case.

In sum, Plaintiffs claim to have lost wages from missing work at Maid for a Day but have not provided any information as to their position, tenure or compensation at Maid for a Day. This Court cannot allow Plaintiffs to prevent the Hotel from getting the records it could have easily obtained by serving an uninterested registered agent. Plaintiff Eugene Sherrod should be compelled to accept service through his attorney of the Maid for a Day subpoena and to provide the information requested therein, as well as in Request No. 14 and Interrogatories Nos. 14 and 16.

<u>CONCLUSION</u>

For the foregoing reasons, the Hotel respectfully requests that its motion be granted.

DTRS WASHINGTON LLC

By: /s/ Karla Grossenbacher
Karla Grossenbacher, Esq. #442544
Elisabeth Moriarty-Ambrozaitis # 488848

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)
Its Attorneys


Dated: October 9, 2007

DC1 30209650.3

# EXHIBIT A

# SEYFARTH
**ATTORNEYS** SHAW LLP

815 Connecticut Avenue, N.W.

Suite 500

Washington, D.C. 20006-4004

202-463-2400

fax 202-828-5393

www.seyfarth.com

Writer's direct phone

(202) 828-5368

Writer's e-mail

emoriarty@seyfarth.com

June 29, 2007

## BY FACSIMILE AND ELECTRONIC MAIL

Warren E. Gorman, Esq.
5530 Wisconsin Avenue
Suite 1209
Chevy Chase, MD 20815

Re:     Sherrod et al v. Four Seasons Hotels Limited
        Civil Action No. 1:07-cv-00784-JDB

Dear Mr. Gorman:

As you know, Plaintiffs' Initial Disclosures were due on Tuesday, June 26, 2007. Our office has yet to receive them. If you have already sent them to our office, please let us know when we should expect to receive them. If you have not sent the Initial Disclosures, please email and/or fax them to our office as soon as possible.

Thank you.

Very truly yours,

SEYFARTH SHAW LLP

Elisabeth Moriarty-Ambrozaitis

cc:    Karla Grossenbacher, Esq.

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA

DC1 30202930.1

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**VASHTI SHERROD ET AL.**                     :
                                              :
                                              :
v.                                            :          Civil Action No.: 07-784
                                              :
**FOUR SEASONS HOTEL**                        :
**LIMITED**                                   :
                                              :
<u>**PLAINTIFF'S RULE 26 (a)(1) INITIAL DISCLOSURES**</u>

The plaintiff through counsel submits the following initial disclosures:

I.   <u>PERSONS WITH KNOWLEDGE:</u>

1.   Vashti Sherrod 120 Lake Front Drive Mitchelville, MD 20721.

2.   Eugene Sherrod 120 Lake Front Drive Mitchelville, MD 20721.

3.   Dawton Demille 8223 Stacy Road Alexandria, VA, telephone number
(571)272-3522.

4.   Ginger Demille 8223 Stacy Road Alexandria, VA, telephone number
(571)272-3522.

5.   All persons named by the defendant statement.

6.   Sebastian Carre Four Seasons Hotel 2800 Pennsylvania NW, Washington, DC
20007, telephone number (202)342-0444.

7.   Charles Auer P.O. Box 3427 Fairfax VA, 22038.

8.   Personnel at Physical Therapy and Sports Assessment Center.  The assessment
center has five addresses including 8300 Colesville Road, Suite 200, Silver Spring MD 20910,
telephone number (301)588-7778.  Plaintiff received treatment there.

9.   Plaintiffs received treatment and saw personnel at George Washington University
Hospital, Progressive Radiology, Washington Hospital Center, Center for Ambulatory Surgery,

Allied Physical Therapy and prescriptions from Giant Pharmacy. All of these treatment facilities have been noted in the defendant's statement.

II     DOCUMENTS RELEVANT TO THE FACTS:

    1.     All items listed by the defendants.

    2.     Plaintiff deserves the right to add to this list.

III     COMPUTATION OF DAMAGES:

    1.     A bill from PT Sports Assessment Center in the amount of $2,730.00 and records.

    2.     A bill from George Washington University Hospital in the Amount of $470.00 and records.

    3.     A bill from Progressive radiology in the amount of $1,280.00 and records.

    4.     A letter concerning loss of employment

    5.     A bill for $1,812.70 from Washington Hospital Center and records

    6.     A bill from Center for Ambulatory Surgery in the amount of $2,294.24 and records both from Washington Hospital Center in the amount of $252.78 and records.

    7.     A bill from Allied Physical Therapy in the amount of $935.00 and records.

    8.     A letter concerning incapacitation.

    9.     A W2 form concerning loss of wages.

All the forgoing has been previously sent to the agent for the defendant.

IV.     AMENDMENT OF STATEMENT

    The Plaintiffs deserves the right to amend the statement.

_[signature]_

WARREN E. GORMAN
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815
(301)654-5757
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTFIY, that on the _____ day of _____, 2007, true and exact

copies of the foregoing Notice of Deposition was mailed, first class mail, postage prepaid to:

Karla Grossenbacher, Esq., and Elisabeth Moriarty-Ambrozaitis, Esq., Seyfarth Shaw LLP 815

Connecticut Avenue, N.W, Suite 500, Washington, D.C. 20006-4004.

_[signature]_

WARREN E. GORMAN

# EXHIBIT C

# SEYFARTH
### ATTORNEYS
# SHAW LLP

815 Connecticut Avenue, N.W.

Suite 500

Washington, D.C.  20006-4004

202-463-2400

fax 202-828-5393

www.seyfarth.com

Writer's direct phone
(202) 828-3556

Writer's e-mail
kgrossenbacher@seyfarth.com

July 6, 2007

**VIA FACSIMILE AND FIRST CLASS MAIL**

Warren E. Gorman, Esq.
5530 Wisconsin Avenue
Suite 1209
Chevy Chase, MD 20815

     Re:    Sherrod et al v. Four Seasons Hotels Limited
               Civil Action No. 1:07-cv-00784-JDB

Dear Mr. Gorman:

     We have received Plaintiff's Initial Disclosures in the above-referenced case.

     First, as you know, in Section I, Plaintiffs are required to list persons who are likely to have discoverable information and "identify[] the subjects of the information."  Please revise your initial disclosures to identify the subjects of discoverable information Plaintiffs believe that Dawton Demille, Ginger Demille and Charles Auer have.

     Second, in Section III, Plaintiffs are required to provide "a computation of any category of damages claimed by the disclosing party."  Plaintiffs did not provide this computation.  Instead, Plaintiffs set forth a list of documents upon which they apparently intend to rely in proving their damages.  Based on the information provided in the initial disclosures, we cannot ascertain how Plaintiffs arrived at the $500,000 in damages each of them is seeking to recover in the Complaint. Defendant is entitled to this information under Rule 26.  Please revise your disclosures to provide the required computation.

BRUSSELS

WASHINGTON, D.C.

SAN FRANCISCO

SACRAMENTO

NEW YORK

LOS ANGELES

HOUSTON

CHICAGO

BOSTON

ATLANTA



Thank you for your attention to this matter.

Very truly yours,

SEYFARTH SHAW LLP

Karla Grossenbacher

cc:  Elisabeth Moriarty-Ambrozaitis, Esquire

DC1 30203064.1

# EXHIBIT D

# SEYFARTH
### ATTORNEYS SHAW LLP

815 Connecticut Avenue, N.W.

Suite 500

Washington, D.C.  20006-4004

202-463-2400

fax 202-828-5393

www.seyfarth.com

Writer's direct phone
(202) 828-3556

Writer's e-mail
kgrossenbacher@seyfarth.com

June 25, 2007

**BY HAND**

Warren E. Gorman, Esq.
5530 Wisconsin Avenue
Suite 1209
Chevy Chase, MD 20815

  Re: Sherrod et al v. Four Seasons Hotels Limited
    <u>Civil Action No. 1:07-cv-00784-JDB</u>

Dear Mr. Gorman:

  Enclosed please find the following:

(1) Defendant's First Set of Interrogatories to Plaintiff Vashti Sherrod;

(2) Defendant's First Set of Interrogatories to Plaintiff Eugene Sherrod

(3) Defendant's First Set of Requests for Production of Documents to Plaintiff Vashti Sherrod; and

(4) Defendant's First Set of Requests for Production of Documents to Plaintiff Eugene Sherrod.

  As you will see we have requested certain medical records from Plaintiffs.  We have also included a release for each Plaintiff in case you would prefer that we subpoena the physicians/health care workers directly for this information.  You will simply need to provide us with names and contact information.  Please let us know if you wish to discuss this matter.

  We would also like to schedule Plaintiffs for depositions during the week of August 6th.  Please let us know if you and your clients have availability that week.

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA

DC1 30200882.1



Thank you for your attention to this matter.

Very truly yours,

SEYFARTH SHAW LLP

Karla Grossenbacher

cc:    Elisabeth Moriarty-Ambrozaitis, Esq.

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

I, Eugene Sherrod hereby authorize and request the use or disclosure of my health information as described in this authorization.

I specifically authorize the following physician(s) or healthcare worker(s) (or any the employees or agents of such healthcare workers):

*(print name(s) and address(es) of physician(s)) below or on separate attachment)*

to release the entirety of my medical record, including, but not limited to, all mental health records, including but not limited to, treatment notes, progress reports, assessments, tests, test batteries, prognosis, diagnosis, etc.; psychotherapy notes, prescriptions; charts; reports; correspondence; consent forms or informed consent forms; tests; protocols; health care questionnaires; lab results; radiological studies, reports, notes, and results (including magnetic resonance imaging tests, reports, and results); telephone notes; x-rays and reports; nurse's or assistant's notes; doctor's notes; physical therapist's or assistant's notes, progress reports, exercise regimens, home programs; and consultation notes and/or reports.

I specifically authorize Karla Grossenbacher, Esquire, and Elisabeth Moriarty Ambrozaitis of the law firm Seyfarth Shaw LLP, along with any of the employees of Seyfarth Shaw LLP performing work for them to receive and use the information disclosed pursuant to this authorization. I understand that I have the right to revoke this authorization at any time by notifying Karla Grossenbacher, Esquire, of Seyfarth, Shaw LLP, 815 Connecticut Avenue N.W., Suite 500, Washington D.C. 20006 in writing. I understand that this revocation is only effective after received by Ms. Grossenbacher. I understand that any use or disclosure made prior to the

DCI 30202503.1

revocation under this authorization will not be affected by my revocation.  I understand that after this information is disclosed, federal law might not protect it and the recipient might redisclose it.  I acknowledge that no treatment, payment, or healthcare operations are conditioned on my execution of this authorization.

This authorization will expire at the ultimate conclusion of the lawsuit styled *Sherrod v. Four Seasons Hotels Limited, No. 1:07-cv-784-JDB,* currently pending in the United States District Court for the District of Columbia.

_____          Date:_____, 2007

Eugene Sherrod

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

I, Vashti Sherrod hereby authorize and request the use or disclosure of my health information as described in this authorization.

I specifically authorize the following physician(s) or healthcare worker(s) (or any the employees or agents of such healthcare workers):

*(print name(s) and address(es) of physician(s) below or on a separate attachment)*

to release the entirety of my medical record, including, but not limited to, all mental health records, including but not limited to, treatment notes, progress reports, assessments, tests, test batteries, prognosis, diagnosis, etc.; psychotherapy notes, prescriptions; charts; reports; correspondence; consent forms or informed consent forms; tests; protocols; health care questionnaires; lab results; radiological studies, reports, notes, and results (including magnetic resonance imaging tests, reports, and results); telephone notes; x-rays and reports; nurse's or assistant's notes; doctor's notes; physical therapist's or assistant's notes, progress reports, exercise regimens, home programs; and consultation notes and/or reports.

I specifically authorize Karla Grossenbacher, Esquire, and Elisabeth Moriarty Ambrozaitis of the law firm Seyfarth Shaw LLP, along with any of the employees of Seyfarth Shaw LLP performing work for them to receive and use the information disclosed pursuant to this authorization. I understand that I have the right to revoke this authorization at any time by notifying Karla Grossenbacher, Esquire, of Seyfarth, Shaw LLP, 815 Connecticut Avenue N.W., Suite 500, Washington D.C. 20006 in writing. I understand that this revocation is only effective after received by Ms. Grossenbacher. I understand that any use or disclosure made prior to the

3

revocation under this authorization will not be affected by my revocation. I understand that after this information is disclosed, federal law might not protect it and the recipient might redisclose it. I acknowledge that no treatment, payment, or healthcare operations are conditioned on my execution of this authorization.

This authorization will expire at the ultimate conclusion of the lawsuit styled *Sherrod v. Four Seasons Hotels Limited, No. 1:07-cv-784-JDB*, currently pending in the United States District Court for the District of Columbia.


_____          Date:_____, 2007

Vashti Sherrod

DC1 30202503.1

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VASHTI SHERROD, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FOUR SEASONS HOTELS LIMITED, | ) | |
| | ) | Civil Action No. 1:07-cv-00784-JDB |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO PLAINTIFF VASHTI SHERROD

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure the following Requests for production of documents are propounded by Defendant Four Seasons Hotels Limited. Plaintiff shall produce and permit Defendant to inspect and copy each of the documents requested herein at the offices of SEYFARTH SHAW LLP, 815 Connecticut Avenue, N.W., Suite 500, Washington, D.C. 20006-4004 as soon as possible, but not later than thirty (30) days after service of these requests.

## INSTRUCTIONS & DEFINITIONS

1. "Plaintiff" designates the named Plaintiff in this action, Vashti Sherrod.

2. The term "Defendant" refers to Four Seasons Hotels Limited (hereafter, "Four Seasons").

3. These Requests are addressed to Plaintiff and her agents, representatives, attorneys, or other persons acting on her behalf. If the requested documents are known by Plaintiff to exist, but are not in the possession of Plaintiff, her agents, representatives, attorneys, or other persons

DCI 30202515.1 30201584

acting on her behalf, Plaintiff should so indicate or produce documents which show the name of the person or entity maintaining them.

4. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5. "Persons" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, its agents or employees.

6. The term "document" is used herein with its customary broad meaning and thus includes, by way of illustration and not limitation, the following, whether written, printed, reproduced by any process including recordings, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery: electronic data; electronically stored information; tapes (including video, audio, stenographic, magnetic, digital or analog records); notes; analyses; computer printouts; information maintained on computer disks or hard drives; correspondence; communications of any nature; recordings or transcriptions of voice mail messages; telegrams; letters; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records or tapes of conversations or meetings; transcripts of oral testimony or statements; reports or summaries of interviews; reports or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts; revisions of drafts; translations; tape recordings; and records and dictation belts. Any document with any marks on any sheet or side thereof, including by way of illustration and not limitation, initials, stamped indicia, comments or notations of any character, not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this Request. "Document" or "documents" include documents prepared by, for or at the direction of Plaintiff

DC1 30202515.1

(or those acting or purporting to act on her behalf) and documents prepared by, for or at the direction of others.

7. "Electronically stored information" includes all documents, data, communications, images or information stored electronically in any medium, including but not limited, any and all personal and/or home computers.

8. When referring to a document, "identify" means that you shall set forth the general nature of the document, the author or the originator, each addressee, all individuals designated to receive or who otherwise have received a copy of the document, date, title and general subject matter, present custodian of each copy and last known address of each such custodian.

9. As used herein:

   a. The phrase "reflect, refer or relate to" is intended to have the broadest possible meaning, and includes any logical or factual connection with the matters discussed.

   b. The term "or" means "and/or."

   c. Any word written in the singular shall include the plural and vice versa.

   d. The term "any" or "all" means "each, any and all."

   e. When appropriate, the use of the masculine also includes the feminine, and vice versa.

10. Any other words used herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

11. If any documents responsive to any Request have been lost, mutilated or destroyed, so state and identify each such document, and state to which Request(s) the document would have been responsive.

DCI 30202515.1

12.   If there are no documents in Plaintiff's possession, custody or control which are responsive to a particular Request, so state in response to such Request.

13.   If you contend that you are entitled to withhold from production any or all documents requested herein on the basis of the attorney-client privilege, the work-product doctrine, or some other ground, state the basis upon which you contend you are entitled to withhold the document from production, and, with respect to each document withheld from production, describe the withheld document, including (1) the nature of the document (e.g., letter, memorandum, computer printout, etc.); (2) its date; (3) the subject matter of the document; (4) the name of the person or other entity who or which drafted, authored or prepared the document; (5) its title; (6) the name of the person or other entity to whom or which it was addressed; (7) the name(s) of each person or entity to whom or which the document or any copy or reproduction was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and (8) a statement of the ground or grounds on which Plaintiff believes each document is not discoverable.

14.   These Requests are continuing in nature so as to require you to provide supplemental documentation as set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO 1:      All documents identified or referred to in Plaintiff's Answers to Defendant's First Set of Interrogatories to Plaintiff.

REQUEST NO. 2:      With regard to the injuries Plaintiff claims to have sustained as a result of the incident described in the Complaint that allegedly occurred on May 14, 2006, any and all documents that record, reflect, refer or relate to any treatment by or consultation with any physician or other healthcare worker (including social workers or therapists of any kind) regarding such injuries, including but not limited to medical records, medical reports, consent

4

forms, medical bills, prescription records, laboratory reports, referral slips, hospital records, insurance claims or records, doctors' reports, doctors' slips, counseling records, correspondence, claim forms, compensation orders or documents of any kind.

REQUEST NO. 3:     With regard to any injuries or impairments Plaintiff has ever had or sustained to her arms, shoulders or back, any and all documents that record, reflect, refer or relate to any treatment Plaintiff ever received for such arm, shoulder or back injuries or impairments, by or consultation with any physician or other healthcare worker (including social workers or therapists of any kind regarding such injuries), including but not limited to medical records, medical reports, consent forms, medical bills, prescription records, laboratory reports, referral slips, hospital records, insurance claims or records, doctors' reports, doctors' slips, counseling records, correspondence, claim forms, compensation orders or documents of any kind.

REQUEST NO. 4:     Any and all documents that support, refute, rebut, reflect, refer or relate to any allegation of Plaintiff's Complaint.

REQUEST NO. 5:     Any and all documents, statements referring or relating to, or transcriptions of statements by Plaintiff or any other individual regarding the incident described in the Complaint that allegedly occurred on May 14, 2006.

REQUEST NO. 6:     Any and all documents that tend to support, refute, rebut, reflect, refer or relate to Plaintiff's claims for compensatory, emotional distress, punitive and any other damages, any and all other monetary or non-monetary benefits, and interest thereon, or any other losses for which Plaintiff seeks reimbursement in this action.

REQUEST NO. 7:     Any and all documents, photographs, diagrams, depictions, and/or videotapes related to or reflecting the events of May 14, 2006.

5

REQUEST NO. 8:    Any and all documents provided to, or received from an expert witness, including any and all documents reviewed, prepared, authored, relied upon or drafted by such expert witness.

REQUEST NO. 9:    All documents, whether or not addressed by the above requests, that Plaintiff knows, believes, suspects or contends tend to support, rebut, refute, reflect, refer or relate in any way to any of the allegations and claims set forth (whether explicitly or implicitly) in the Complaint.

REQUEST NO. 10:    All documents discussing, describing, relating to or embodying any agreement for Plaintiff's payment of legal fees and costs in this matter.

REQUEST NO. 11:    All documents that are or were maintained by Plaintiff (including, by way of example and not limitation, diaries, journals, calendars, day timers, appointment books, handwritten, computerized, and/or personal notes, tape recordings, telephone conversation messages, and notes of meetings) describing, relating to, referring to, or touching upon the incident described in the Complaint that allegedly occurred on May 14, 2006.

REQUEST NO. 12:    Any and all documents (including notes and e-mails) that memorialize, reflect, refer or relate to oral or written communications of any sort by or between Plaintiff (or anyone acting or purporting to act on Plaintiff's behalf) and (1) Plaintiff's friends, family or business associates; (2) anyone acting or purporting to act on behalf of Four Seasons; (3) former or current employees or guest of Defendant or the Four Seasons Hotel Washington; or (4) any other person, regarding the allegations contained in Plaintiff's Complaint.

REQUEST NO. 13:    Any and all documents in your custody, possession, or control regarding or relating to any prior visits or stays by Plaintiff at the Four Seasons Hotel Washington.

6

REQUEST NO. 14:    Any and all documents that reflect any income or compensation received by Plaintiff from any source whatsoever from May 14, 2006 to the present including, but not limited to, pay stubs, IRS W-2 forms or 1099 forms, your federal and state income tax returns for 2006.

Respectfully submitted,

By: _____

Karla Grossenbacher, Esq. #442544
Elisabeth Moriarty-Ambrozaitis # 488848

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)


Attorneys for Defendant Four Seasons Hotels
Limited


Dated:  June 25, 2007

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendant's First Request for Production of

Documents to Plaintiff Vashti Sherrod was served, by hand, this 25th day of June, 2007, upon:

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Ste. 1209
Chevy Chase, MD 20815

Karla Grossenbacher

DCI 30202515.1

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VASHTI SHERROD, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FOUR SEASONS HOTELS LIMITED, | ) | |
| | ) | Civil Action No. 1:07-cv-00784-JDB |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO PLAINTIFF EUGENE SHERROD

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure the following Requests for production of documents are propounded by Defendant Four Seasons Hotels Limited.  Plaintiff shall produce and permit Defendant to inspect and copy each of the documents requested herein at the offices of  SEYFARTH SHAW LLP, 815 Connecticut Avenue, N.W., Suite 500, Washington, D.C. 20006-4004 as soon as possible, but not later than thirty (30) days after service of these requests.

### INSTRUCTIONS & DEFINITIONS

1.   "Plaintiff" designates the named Plaintiff in this action, Eugene Sherrod.

2.   The term "Defendant" refers to Four Seasons Hotels Limited (hereafter, "Four Seasons").

3.   These Requests are addressed to Plaintiff and her agents, representatives, attorneys, or other persons acting on her behalf.  If the requested documents are known by Plaintiff to exist, but are not in the possession of Plaintiff, her agents, representatives, attorneys, or other persons

DC1 30202515.1

acting on her behalf, Plaintiff should so indicate or produce documents which show the name of the person or entity maintaining them.

4. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5. "Persons" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, its agents or employees.

6. The term "document" is used herein with its customary broad meaning and thus includes, by way of illustration and not limitation, the following, whether written, printed, reproduced by any process including recordings, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery: electronic data; electronically stored information; tapes (including video, audio, stenographic, magnetic, digital or analog records); notes; analyses; computer printouts; information maintained on computer disks or hard drives; correspondence; communications of any nature; recordings or transcriptions of voice mail messages; telegrams; letters; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records or tapes of conversations or meetings; transcripts of oral testimony or statements; reports or summaries of interviews; reports or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts; revisions of drafts; translations; tape recordings; and records and dictation belts. Any document with any marks on any sheet or side thereof, including by way of illustration and not limitation, initials, stamped indicia, comments or notations of any character, not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this Request. "Document" or "documents" include documents prepared by, for or at the direction of Plaintiff

2

12.   If there are no documents in Plaintiff's possession, custody or control which are responsive to a particular Request, so state in response to such Request.

13.   If you contend that you are entitled to withhold from production any or all documents requested herein on the basis of the attorney-client privilege, the work-product doctrine, or some other ground, state the basis upon which you contend you are entitled to withhold the document from production and, with respect to each document withheld from production, describe the withheld document, including (1) the nature of the document (e.g., letter, memorandum, computer printout, etc.); (2) its date; (3) the subject matter of the document; (4) the name of the person or other entity who or which drafted, authored or prepared the document; (5) its title; (6) the name of the person or other entity to whom or which it was addressed; (7) the name(s) of each person or entity to whom or which the document or any copy or reproduction was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and (8) a statement of the ground or grounds on which Plaintiff believes each document is not discoverable.

14.   These Requests are continuing in nature so as to require you to provide supplemental documentation as set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO 1:     All documents identified or referred to in Plaintiff's Answers to Defendant's First Set of Interrogatories to Plaintiff.

REQUEST NO. 2:     With regard to the injuries Plaintiff claims to have sustained as a result of the incident described in the Complaint that allegedly occurred on May 14, 2006, any and all documents that record, reflect, refer or relate to any treatment by or consultation with any physician or other healthcare worker (including social workers or therapists of any kind) regarding such injuries, including but not limited to medical records, medical reports, consent

4

forms, medical bills, prescription records, laboratory reports, referral slips, hospital records, insurance claims or records, doctors' reports, doctors' slips, counseling records, correspondence, claim forms, compensation orders or documents of any kind.

REQUEST NO. 3:     With regard to any injuries or impairments Plaintiff has ever had or sustained to her arms, shoulders or back, any and all documents that record, reflect, refer or relate to any treatment Plaintiff ever received for such arm, shoulder or back injuries or impairments, by or consultation with any physician or other healthcare worker (including social workers or therapists of any kind regarding such injuries), including but not limited to medical records, medical reports, consent forms, medical bills, prescription records, laboratory reports, referral slips, hospital records, insurance claims or records, doctors' reports, doctors' slips, counseling records, correspondence, claim forms, compensation orders or documents of any kind.

REQUEST NO. 4:     Any and all documents that support, refute, rebut, reflect, refer or relate to any allegation of Plaintiff's Complaint.

REQUEST NO. 5:     Any and all documents, statements referring or relating to, or transcriptions of statements by Plaintiff or any other individual regarding the incident described in the Complaint that allegedly occurred on May 14, 2006.

REQUEST NO. 6:     Any and all documents that tend to support, refute, rebut, reflect, refer or relate to Plaintiff's claims for compensatory, emotional distress, punitive and any other damages, any and all other monetary or non-monetary benefits, and interest thereon, or any other losses for which Plaintiff seeks reimbursement in this action.

REQUEST NO. 7:     Any and all documents, photographs, diagrams, depictions, and/or videotapes related to or reflecting the events of May 14, 2006.

REQUEST NO. 8:    Any and all documents provided to, or received from an expert witness, including any and all documents reviewed, prepared, authored, relied upon or drafted by such expert witness.

REQUEST NO. 9:    All documents, whether or not addressed by the above requests, that Plaintiff knows, believes, suspects or contends tend to support, rebut, refute, reflect, refer or relate in any way to any of the allegations and claims set forth (whether explicitly or implicitly) in the Complaint.

REQUEST NO. 10:    All documents discussing, describing, relating to or embodying any agreement for Plaintiff's payment of legal fees and costs in this matter.

REQUEST NO. 11:    All documents that are or were maintained by Plaintiff (including, by way of example and not limitation, diaries, journals, calendars, day timers, appointment books, handwritten, computerized, and/or personal notes, tape recordings, telephone conversation messages, and notes of meetings) describing, relating to, referring to, or touching upon the incident described in the Complaint that allegedly occurred on May 14, 2006.

REQUEST NO. 12:    Any and all documents (including notes and e-mails) that memorialize, reflect, refer or relate to oral or written communications of any sort by or between Plaintiff (or anyone acting or purporting to act on Plaintiff's behalf) and (1) Plaintiff's friends, family or business associates; (2) anyone acting or purporting to act on behalf of Four Seasons; (3) former or current employees or guest of Defendant or the Four Seasons Hotel Washington; or (4) any other person, regarding the allegations contained in Plaintiff's Complaint.

REQUEST NO. 13:    Any and all documents in your custody, possession, or control regarding or relating to any prior visits or stays by Plaintiff at the Four Seasons Hotel Washington.

REQUEST NO. 14:    Any and all documents that reflect any income or compensation received by Plaintiff from any source whatsoever from May 14, 2006 to the present including, but not limited to, pay stubs, IRS W-2 forms or 1099 forms, your federal and state income tax returns for 2006.

Respectfully submitted,

By

Karla Grossenbacher, Esq. #442544
Elisabeth Moriarty-Ambrozaitis # 488848

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)

Attorneys for Defendant Four Seasons Hotels
Limited

Dated:  June 25, 2007

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendant's First Request for Production of

Documents to Plaintiff Eugene Sherrod was served, by hand, this 25th day of June, 2007, upon:

> Warren E. Gorman, Esq.
> 5530 Wisconsin Avenue, Ste. 1209
> Chevy Chase, MD 20815

Karla Grossenbacher

DCI 30202515.1

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VASHTI SHERROD, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FOUR SEASONS HOTELS LIMITED, ) | |
| ) | Civil Action No. 1:07-cv-00784-JDB |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF EUGENE SHERROD

Defendant Four Seasons Hotels Limited, by undersigned counsel and pursuant to Rules

26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby

requests that Plaintiff Eugene Sherrod, answer the following Interrogatories in writing and under

oath within thirty (30) days from the date of service.

## INSTRUCTIONS

a.     In accordance with Rule 33, your response shall set forth each Interrogatory and its

Answer, and your response shall answer separately and fully in writing each Interrogatory or shall

state fully the grounds for refusal to answer.

b.     In accordance with Rule 33, these Interrogatories request, and your answers shall

include, all information available to you or through your agents, representatives, and, unless

privileged, your past and present attorneys.

c.     These Interrogatories are continuing in character so as to require you promptly to

amend or supplement your Answers if you obtain further responsive information before trial.

d.    Pursuant to Rule 33(c), if you elect to specify and produce business records in answer to any Interrogatory, your "specification shall be in sufficient detail to permit the interrogating party to locate and identify the records from which the Answer may be ascertained."

e.    If in answering these Interrogatories you encounter any ambiguities construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

f.    If a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is provided.

g.    If, in connection with the Answer to any Interrogatory, reference is made to meetings, acts, discussions, or conversations, set forth in words or substance what each person participating or present is alleged to have said or done.

h.    If any of the Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your ability to answer the remainder and stating whatever information you have concerning the unanswered portion.  If your Answer is qualified in any way, please set forth the details of such qualification.

i.    If you contend that an Answer to an Interrogatory is privileged, in whole or in part, or otherwise if you object to any part of any Interrogatory, then the Interrogatory should be answered to the extent it is not objectionable, and the following information should also be provided:

(i)    the basis for each objection and grounds for your refusal to answer, including the nature of any privilege asserted;

(ii)    the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

2

1.      For oral communications:

        (a)      the name of the person making the communication and the names of persons present while the communication was made; where not apparent, the relationship of the persons present to the person making the communication;

        (b)      the date and place of the communication; and

        (c)      the general subject matter of the communication.

2.      For documents:

        (a)      the type of document;

        (b)      general subject matter of the document;

        (c)      the date of the document; and

        (d)      such other information as is sufficient to identify the document for a subpoena duces tecum including, where appropriate, the author, addressee, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, and any other recipient to each other; and

        (iii)      the identity of each person having knowledge of the factual basis, if any, on which the privilege, objection, or other ground is based.

## INSTRUCTIONS & DEFINITIONS

1.  "Plaintiff" designates the named Plaintiff in this action, Eugene Sherrod.

2.  The term "Defendant" refers to Four Seasons Hotels Limited (hereafter, "Four Seasons").

3.  These Interrogatories are addressed to Plaintiff and her agents, representatives, attorneys, or other persons acting on her behalf.  If the requested information or documents are known by Plaintiff to exist, but are not in the possession of Plaintiff, her agents, representatives, attorneys, or other persons acting on her behalf, Plaintiff should so indicate and provide the name of the person or entity maintaining the documents or possessing the information.

3

4.  "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5.  "Persons" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, its agents or employees.

6.  The term "document" is used herein with its customary broad meaning and thus includes, by way of illustration and not limitation, the following, whether written, printed, reproduced by any process including recordings, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery: electronic data; electronically stored information; tapes (including video, audio, stenographic, magnetic, digital or analog records); notes; analyses; computer printouts; information maintained on computer disks or hard drives; correspondence; communications of any nature; telegrams; letters; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records or tapes of meetings; transcripts of oral testimony or statements; reports or summaries of interviews; reports or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts; revisions of drafts; translations; tape recordings; and records and dictation belts. Any document with any marks on any sheet or side thereof, including by way of illustration and not limitation, initials, stamped indicia, comments or notations of any character, not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request. "Document" or "documents" include documents prepared by, for or at the direction of Plaintiff (or those acting or purporting to act on her behalf) and documents prepared by, for or at the direction of others.

4

7.  "Electronically stored information" includes all documents, data, communications, images or information stored electronically in any medium, including but not limited, any and all personal and/or home computers.

8.  When referring to a natural person, "identify" means that you shall state the person's full name, current or last known home and business addresses and telephone numbers, and position of employment at the time in question.

9.  When referring to a document, "identify" means that you shall state the general nature of the document, the author or the originator, each addressee, all individuals designated to receive or who otherwise have received a copy of the document, date, title and general subject matter, present custodian of each copy and last known address of each such custodian.

10. When referring to an oral statement or conversation, "identify" means that you shall state the date and place the oral statement or conversation was made or took place, the identity of each person who made, participated in, or heard any part of the oral statement or conversation, the substance of what was said by each person who made or participated in the oral statement or conversation, and the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such oral statement or conversation.

11. As used herein:

> The phrase "reflect, refer or relate to" is intended to have the broadest possible meaning, and includes any logical or factual connection with the matters discussed.

> The term "or" means "and/or."

> Any word written in the singular shall include the plural and vice versa.

> The term "any" means "each, any and all."

When appropriate, the use of the masculine also includes the feminine, and vice versa.

12. Any other words used herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

13. If any documents responsive to any Interrogatory have been lost, mutilated or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

14. If there are no documents in Plaintiff's possession, custody or control which are responsive to a particular Interrogatory, so state in response to such request.

15. If you contend that you are entitled to withhold any information requested herein on the basis of the attorney-client privilege, the work-product doctrine, or some other ground, for each item of information so withheld, state the basis upon which you contend you are entitled to withhold the information.

16. The Interrogatories are continuing in nature so as to require you to provide supplemental information as set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

INTERROGATORY NO. 1: Without regard to the manner by which the information has been obtained, identify each and every person who Plaintiff believes or suspects has knowledge of any facts in any way relating to any issue raised by Plaintiff's Complaint, and provide a detailed description of the knowledge believed to be possessed by each such person, all issues contained in Plaintiff's Complaint as to which each such person is believed to possess, facts and all documents, if any, which each such person is believed to have reviewed or has in his or her possession.

6

INTERROGATORY NO. 2:  Identify, by providing the name, address and home and business telephone numbers, each and every person Plaintiff, her agents, representatives, or other persons acting on her behalf have had conversations with, or from whom written statements have been taken, relating in any way to this lawsuit, including the dates all such conversations were had or statements were taken and describe in detail the subject matter covered in each conversation or statement.  Identify all relevant statements or documents relating to such conversations.

INTERROGATORY NO. 3:  Specify the monetary value of each item of relief prayed for in the Complaint by Plaintiff, including but not limited to, compensatory damages and punitive damages and include the manner in which these amounts or values were calculated, including a breakdown of the dollar amount attributable to each element of the damages claimed, the factual basis for the alleged damages, and all information and all persons having knowledge thereof and documents relating thereto.  Identify any documents which evidence or support Plaintiff's claim for each type or item of damage, loss or expense.

INTERROGATORY NO. 4:  Identify each physician or healthcare professional (including but not limited to social workers and therapists) by whom Plaintiff was examined, or who treated Plaintiff, or who was consulted by Plaintiff in connection with the incident described in the Complaint that allegedly occurred on May 14, 2006, including but not limited to, Plaintiff's alleged injuries and state (1) the reason for Plaintiff's contact with each such physician or healthcare professional; (2) the treatment Plaintiff received, if any; (3) the diagnosis or prognosis given by each such physician and healthcare professional; and (4) the medications, if any, prescribed by each physician and healthcare professional.

INTERROGATORY NO. 5:  Identify each physician or healthcare professional (including but not limited to social workers and therapists) by whom Plaintiff was examined, or

7

who treated Plaintiff, or who was consulted by Plaintiff in connection with any injury or impairment to her arms, shoulders or back, including but not limited to, Plaintiff's alleged injuries and state (1) the reason for Plaintiff's contact with each such physician or healthcare professional; (2) the treatment Plaintiff received, if any; (3) the diagnosis or prognosis given by each such physician and healthcare professional; and (4) the medications, if any, prescribed by each physician and healthcare professional.

INTERROGATORY NO. 6: Identify any expert whose services Plaintiff has engaged or plans to engage in this action or any expert who Plaintiff intends to or may call at a trial in this case, provide a summary of his or her qualifications as an expert and state the subject matter on which the expert was consulted, the substance of the testimony and/or opinions which the expert has provided, and give a summary of the factual basis for such testimony or opinions.

INTERROGATORY NO. 7: Identify all lawsuits, complaints, charges, grievances and petitions, civil or criminal, filed by or against Plaintiff or her agents, representatives or attorneys in any judicial or administrative proceeding, by providing for each the dates of filing, the judicial or administrative body where the lawsuits, complaints, charges, grievances and petitions were filed, the parties involved, the subject matter covered and the outcome of each, including but not limited to settlement. Identify all relevant documents created in connection with such proceedings.

INTERROGATORY NO. 8: Identify all persons contacted, contracted, consulted or communicated with regarding the issue of causation in this case, including, but not limited to, anyone with whom Plaintiff or anyone acting on her behalf has communicated with in order to attempt to determine causation and/or who might be used to opine on causation.

8

INTERROGATORY NO. 9: Identify each of the individuals seated at Plaintiff's table in Seasons Restaurant for a period of time, however short, on May 14, 2006. Specifically, state whether such individuals are or were at the time related to Plaintiff by blood or marriage.

INTERROGATORY NO. 10: Identify and describe in detail all injuries allegedly caused by the incident described in the Complaint that allegedly occurred on May 14, 2006, include any alleged aggravation, acceleration or exacerbation to any preexisting injury, disease or condition.

INTERROGATORY NO. 11: To the extent Plaintiff has ever been called to testify or has testified in connection with any criminal, civil, administrative or regulatory proceeding (whether at a deposition, before a grand jury, at an evidentiary hearing or trial, and whether or not he was a party to the proceeding) in which her testimony touched upon or referred to any of the allegations contained in the Complaint, identify each such proceeding by stating the title and nature of the proceeding, the names and addresses of the parties to the proceeding, the name and addresses of the court or agencies in which it was filed, the substance of the testimony given therein by Plaintiff, the names and addresses of the persons who questioned Plaintiff, the determination, if any, rendered by the court or agency, the final resolution of the matter, the name and address of each attorney, if any, representing or counseling Plaintiff in connection with the testimony and all documents comprising, memorializing or relating to each such testimony.

INTERROGATORY NO. 12: To the extent any document responsive to Defendant's First Request For Production Of Documents (served on Plaintiff concurrently herewith) has been destroyed or is otherwise no longer available, identify the document by including the name of the document, the persons responsible for the destruction or unavailability of the document, the persons who actually destroyed the document or caused it to be unavailable, the reasons for the destruction or unavailability of the document and all persons knowing said reasons, and all documents referring or relating to the document in question.

9

INTERROGATORY NO. 13:  Please identify all documents which Plaintiff consulted or relied upon in formulating her answers to these Interrogatories, whether or not specifically identified in Plaintiff's answers.  In so identifying these documents, state to which Interrogatory or Interrogatories each document relates.

INTERROGATORY NO. 14:  Identify each and every job (including self-employment), full-time or part-time, temporary or permanent, Plaintiff has held at any time from May 1, 2005 to the present.  State Plaintiff's hourly rate or annual salary in such job, the name and address of Plaintiff's employer and the name of Plaintiff's direct supervisor.

INTERROGATORY NO. 15:  If you contend that Defendant or anyone acting on Defendant's behalf or anyone employed by, acting on behalf of or representing the Four Seasons Hotel Washington has made any admissions or declarations against interest concerning any allegation in the Complaint, or in any way related to the claims in this lawsuit, identify the statement made, who made it, who was present when it was made and/or to whom the statement was directed, and when and where it was made.

INTERROGATORY NO. 16:  Identify and describe in detail all income, compensation, benefits, bonuses, dividends or other items of value received by Plaintiff from any source (whether as an employee, independent contractor, government benefits, or otherwise) for the period from May 14, 2006 to the present and identify each such item of income, compensation, benefits, bonuses, dividends or other items of value, the entity from which each such item was received, the amounts of each, and the date(s) of receipt.

INTERROGATORY NO. 17:  Identify all persons with whom Plaintiff traveled to and/or from the Four Seasons Hotel Washington on May 14, 2006.

10

<u>INTERROGATORY NO. 18</u>:  Identify and describe in detail any and all demands,

claims, letters, or any other form of oral or written communication by Plaintiff making an offer

of compromise or settlement or seeking compensation for an alleged injury, accident and/or legal

wrong.

Respectfully submitted,

By:

Karla Grossenbacher, Esq. #442544
Elisabeth Moriarty-Ambrozaitis # 488848

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)
Attorneys for Defendant Four Seasons Hotels
Limited

Dated:  June 25, 2007

11

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's First Set of Interrogatories to

Plaintiff Eugene Sherrod was served, by hand, this 25th day of June, 2007, upon:

    Warren E. Gorman, Esq.
    5530 Wisconsin Avenue, Ste. 1209
    Chevy Chase, MD 20815

Karla Grossenbacher

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VASHTI SHERROD, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FOUR SEASONS HOTELS LIMITED, ) | |
| ) | Civil Action No. 1:07-cv-00784-JDB |
| ) | |
| Defendant. ) | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF VASHTI SHERROD

Defendant Four Seasons Hotels Limited, by undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby requests that Plaintiff Vashti Sherrod, answer the following Interrogatories in writing and under oath within thirty (30) days from the date of service.

## INSTRUCTIONS

a.      In accordance with Rule 33, your response shall set forth each Interrogatory and its Answer, and your response shall answer separately and fully in writing each Interrogatory or shall state fully the grounds for refusal to answer.

b.      In accordance with Rule 33, these Interrogatories request, and your answers shall include, all information available to you or through your agents, representatives, and, unless privileged, your past and present attorneys.

c.      These Interrogatories are continuing in character so as to require you promptly to amend or supplement your Answers if you obtain further responsive information before trial.

DCI 30201586.1

d.    Pursuant to Rule 33(c), if you elect to specify and produce business records in answer to any Interrogatory, your "specification shall be in sufficient detail to permit the interrogating party to locate and identify the records from which the Answer may be ascertained."

e.    If in answering these Interrogatories you encounter any ambiguities construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

f.    If a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is provided.

g.    If, in connection with the Answer to any Interrogatory, reference is made to meetings, acts, discussions, or conversations, set forth in words or substance what each person participating or present is alleged to have said or done.

h.    If any of the Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your ability to answer the remainder and stating whatever information you have concerning the unanswered portion. If your Answer is qualified in any way, please set forth the details of such qualification.

i.    If you contend that an Answer to an Interrogatory is privileged, in whole or in part, or otherwise if you object to any part of any Interrogatory, then the Interrogatory should be answered to the extent it is not objectionable, and the following information should also be provided:

(i)    the basis for each objection and grounds for your refusal to answer, including the nature of any privilege asserted;

(ii)    the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

2

1.    For oral communications:

(a)    the name of the person making the communication and the names of persons present while the communication was made; where not apparent, the relationship of the persons present to the person making the communication;

(b)    the date and place of the communication; and

(c)    the general subject matter of the communication.

2.    For documents:

(a)    the type of document;

(b)    general subject matter of the document;

(c)    the date of the document; and

(d)    such other information as is sufficient to identify the document for a subpoena duces tecum including, where appropriate, the author, addressee, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, and any other recipient to each other; and

(iii)    the identity of each person having knowledge of the factual basis, if any, on which the privilege, objection, or other ground is based.

## INSTRUCTIONS & DEFINITIONS

1.    "Plaintiff" designates the named Plaintiff in this action, Vashti Sherrod.

2.    The term "Defendant" refers to Four Seasons Hotels Limited (hereafter, "Four Seasons").

3.    These Interrogatories are addressed to Plaintiff and her agents, representatives, attorneys, or other persons acting on her behalf. If the requested information or documents are known by Plaintiff to exist, but are not in the possession of Plaintiff, her agents, representatives, attorneys, or other persons acting on her behalf, Plaintiff should so indicate and provide the name of the person or entity maintaining the documents or possessing the information.

3

4. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5. "Persons" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, its agents or employees.

6. The term "document" is used herein with its customary broad meaning and thus includes, by way of illustration and not limitation, the following, whether written, printed, reproduced by any process including recordings, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery: electronic data; electronically stored information; tapes (including video, audio, stenographic, magnetic, digital or analog records); notes; analyses; computer printouts; information maintained on computer disks or hard drives; correspondence; communications of any nature; telegrams; letters; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records or tapes of meetings; transcripts of oral testimony or statements; reports or summaries of interviews; reports or summaries of investigations; agreements and contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts; revisions of drafts; translations; tape recordings; and records and dictation belts. Any document with any marks on any sheet or side thereof, including by way of illustration and not limitation, initials, stamped indicia, comments or notations of any character, not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request. "Document" or "documents" include documents prepared by, for or at the direction of Plaintiff (or those acting or purporting to act on her behalf) and documents prepared by, for or at the direction of others.

4

7.  "Electronically stored information" includes all documents, data, communications, images or information stored electronically in any medium, including but not limited, any and all personal and/or home computers.

8.  When referring to a natural person, "identify" means that you shall state the person's full name, current or last known home and business addresses and telephone numbers, and position of employment at the time in question.

9.  When referring to a document, "identify" means that you shall state the general nature of the document, the author or the originator, each addressee, all individuals designated to receive or who otherwise have received a copy of the document, date, title and general subject matter, present custodian of each copy and last known address of each such custodian.

10. When referring to an oral statement or conversation, "identify" means that you shall state the date and place the oral statement or conversation was made or took place, the identity of each person who made, participated in, or heard any part of the oral statement or conversation, the substance of what was said by each person who made or participated in the oral statement or conversation, and the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such oral statement or conversation.

11. As used herein:

The phrase "reflect, refer or relate to" is intended to have the broadest possible meaning, and includes any logical or factual connection with the matters discussed.

The term "or" means "and/or."

Any word written in the singular shall include the plural and vice versa.

The term "any" means "each, any and all."

5

When appropriate, the use of the masculine also includes the feminine, and vice versa.

12. Any other words used herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

13. If any documents responsive to any Interrogatory have been lost, mutilated or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

14. If there are no documents in Plaintiff's possession, custody or control which are responsive to a particular Interrogatory, so state in response to such request.

15. If you contend that you are entitled to withhold any information requested herein on the basis of the attorney-client privilege, the work-product doctrine, or some other ground, for each item of information so withheld, state the basis upon which you contend you are entitled to withhold the information.

16. The Interrogatories are continuing in nature so as to require you to provide supplemental information as set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

<u>INTERROGATORIES</u>

<u>INTERROGATORY NO. 1</u>: Without regard to the manner by which the information has been obtained, identify each and every person who Plaintiff believes or suspects has knowledge of any facts in any way relating to any issue raised by Plaintiff's Complaint, and provide a detailed description of the knowledge believed to be possessed by each such person, all issues contained in Plaintiff's Complaint as to which each such person is believed to possess, facts and all documents, if any, which each such person is believed to have reviewed or has in his or her possession.

6

INTERROGATORY NO. 2:  Identify, by providing the name, address and home and business telephone numbers, each and every person Plaintiff, her agents, representatives, or other persons acting on her behalf have had conversations with, or from whom written statements have been taken, relating in any way to this lawsuit, including the dates all such conversations were had or statements were taken and describe in detail the subject matter covered in each conversation or statement.  Identify all relevant statements or documents relating to such conversations.

INTERROGATORY NO. 3:  Specify the monetary value of each item of relief prayed for in the Complaint by Plaintiff, including but not limited to, compensatory damages and punitive damages and include the manner in which these amounts or values were calculated, including a breakdown of the dollar amount attributable to each element of the damages claimed, the factual basis for the alleged damages, and all information and all persons having knowledge thereof and documents relating thereto.  Identify any documents which evidence or support Plaintiff's claim for each type or item of damage, loss or expense.

INTERROGATORY NO. 4:  Identify each physician or healthcare professional (including but not limited to social workers and therapists) by whom Plaintiff was examined, or who treated Plaintiff, or who was consulted by Plaintiff in connection with the incident described in the Complaint that allegedly occurred on May 14, 2006, including but not limited to, Plaintiff's alleged injuries and state (1) the reason for Plaintiff's contact with each such physician or healthcare professional; (2) the treatment Plaintiff received, if any; (3) the diagnosis or prognosis given by each such physician and healthcare professional; and (4) the medications, if any, prescribed by each physician and healthcare professional.

INTERROGATORY NO. 5:  Identify each physician or healthcare professional (including but not limited to social workers and therapists) by whom Plaintiff was examined, or

7

who treated Plaintiff, or who was consulted by Plaintiff in connection with any injury or impairment to her arms, shoulders or back, including but not limited to, Plaintiff's alleged injuries and state (1) the reason for Plaintiff's contact with each such physician or healthcare professional; (2) the treatment Plaintiff received, if any; (3) the diagnosis or prognosis given by each such physician and healthcare professional; and (4) the medications, if any, prescribed by each physician and healthcare professional.

INTERROGATORY NO. 6:  Identify any expert whose services Plaintiff has engaged or plans to engage in this action or any expert who Plaintiff intends to or may call at a trial in this case, provide a summary of his or her qualifications as an expert and state the subject matter on which the expert was consulted, the substance of the testimony and/or opinions which the expert has provided, and give a summary of the factual basis for such testimony or opinions.

INTERROGATORY NO. 7:  Identify all lawsuits, complaints, charges, grievances and petitions, civil or criminal, filed by or against Plaintiff or her agents, representatives or attorneys in any judicial or administrative proceeding, by providing for each the dates of filing, the judicial or administrative body where the lawsuits, complaints, charges, grievances and petitions were filed, the parties involved, the subject matter covered and the outcome of each, including but not limited to settlement.  Identify all relevant documents created in connection with such proceedings.

INTERROGATORY NO. 8:  Identify all persons contacted, contracted, consulted or communicated with regarding the issue of causation in this case, including, but not limited to, anyone with whom Plaintiff or anyone acting on her behalf has communicated with in order to attempt to determine causation and/or who might be used to opine on causation.

8

INTERROGATORY NO. 9:  Identify each of the individuals seated at Plaintiff's table in Seasons Restaurant for a period of time, however short, on May 14, 2006.  Specifically, state whether such individuals are or were at the time related to Plaintiff by blood or marriage.

INTERROGATORY NO. 10:  Identify and describe in detail all injuries allegedly caused by the incident described in the Complaint that allegedly occurred on May 14, 2006, include any alleged aggravation, acceleration or exacerbation to any preexisting injury, disease or condition.

INTERROGATORY NO. 11:  To the extent Plaintiff has ever been called to testify or has testified in connection with any criminal, civil, administrative or regulatory proceeding (whether at a deposition, before a grand jury, at an evidentiary hearing or trial, and whether or not he was a party to the proceeding) in which her testimony touched upon or referred to any of the allegations contained in the Complaint, identify each such proceeding by stating the title and nature of the proceeding, the names and addresses of the parties to the proceeding, the name and addresses of the court or agencies in which it was filed, the substance of the testimony given therein by Plaintiff, the names and addresses of the persons who questioned Plaintiff, the determination, if any, rendered by the court or agency, the final resolution of the matter, the name and address of each attorney, if any, representing or counseling Plaintiff in connection with the testimony and all documents comprising, memorializing or relating to each such testimony.

INTERROGATORY NO. 12:  To the extent any document responsive to Defendant's First Request For Production Of Documents (served on Plaintiff concurrently herewith) has been destroyed or is otherwise no longer available, identify the document by including the name of the document, the persons responsible for the destruction or unavailability of the document, the persons who actually destroyed the document or caused it to be unavailable, the reasons for the destruction or unavailability of the document and all persons knowing said reasons, and all documents referring or relating to the document in question.

9

**INTERROGATORY NO. 13:**  Please identify all documents which Plaintiff consulted or relied upon in formulating her answers to these Interrogatories, whether or not specifically identified in Plaintiff's answers.  In so identifying these documents, state to which Interrogatory or Interrogatories each document relates.

**INTERROGATORY NO. 14:**  Identify each and every job (including self-employment), full-time or part-time, temporary or permanent, Plaintiff has held at any time from May 1, 2005 to the present.  State Plaintiff's hourly rate or annual salary in such job, the name and address of Plaintiff's employer and the name of Plaintiff's direct supervisor.

**INTERROGATORY NO. 15:**  If you contend that Defendant or anyone acting on Defendant's behalf or anyone employed by, acting on behalf of or representing the Four Seasons Hotel Washington has made any admissions or declarations against interest concerning any allegation in the Complaint, or in any way related to the claims in this lawsuit, identify the statement made, who made it, who was present when it was made and/or to whom the statement was directed, and when and where it was made.

**INTERROGATORY NO. 16:**  Identify and describe in detail all income, compensation, benefits, bonuses, dividends or other items of value received by Plaintiff from any source (whether as an employee, independent contractor, government benefits, or otherwise) for the period from May 14, 2006 to the present and identify each such item of income, compensation, benefits, bonuses, dividends or other items of value, the entity from which each such item was received, the amounts of each, and the date(s) of receipt.

**INTERROGATORY NO. 17:**  Identify all persons with whom Plaintiff traveled to and/or from the Four Seasons Hotel Washington on May 14, 2006.

<u>INTERROGATORY NO. 18</u>:  Identify and describe in detail any and all demands, claims, letters, or any other form of oral or written communication by Plaintiff making an offer of compromise or settlement or seeking compensation for an alleged injury, accident and/or legal wrong.

Respectfully submitted,

By: _____

Karla Grossenbacher, Esq. #442544
Elisabeth Moriarty-Ambrozaitis # 488848

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)
Attorneys for Defendant Four Seasons Hotels
Limited

Dated:  June 25, 2007

11

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's First Set of Interrogatories to

Plaintiff Vashti Sherrod was served, by hand, this 25th day of June, 2007, upon:

> Warren E. Gorman, Esq.
> 5530 Wisconsin Avenue, Ste. 1209
> Chevy Chase, MD 20815

Karla Grossenbacher

# EXHIBIT E



Writer's direct phone
(202) 828-3556

Writer's e-mail
kgrossenbacher@seyfarth.com

July 31, 2007

**VIA FACSIMILE AND FIRST CLASS MAIL**

Warren E. Gorman, Esq.
5530 Wisconsin Avenue
Suite 1209
Chevy Chase, MD 20815

      Re:    Sherrod et al v. Four Seasons Hotels Limited
            Civil Action No. 1:07-cv-00784-JDB

Dear Mr. Gorman:

      Plaintiffs' responses to Defendant's discovery requests in the above-referenced case were due on July 25. We have not received them. If we do not receive them by Friday, August 3, we will contact the Court for assistance. Also, we wrote to your earlier this month about the deficiencies in Plaintiffs' Initial Disclosures, but have heard nothing from you in response. We will address this issue with the Court as well if we do not receive amended Initial Disclosures from you by this Friday.

      We do not wish to waste time and money litigating discovery issues in this case or bothering the Court unnecessarily, but our client is entitled to the above information under the Federal Rules of Civil Procedure and intends to obtain it in a prompt manner.

      We look forward to receiving the requested information no later that Friday, August 3. Thank you for your attention to this matter.

                    Very truly yours,

                    SEYFARTH SHAW LLP

                    Karla Grossenbacher

cc:  Elisabeth Moriarty-Ambrozaitis, Esquire

DC1 30203064.1

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VASHTI SHERROD, et al.

      Plaintiffs,

v.

                                   Civil Action No. 1: 07-cv-00784-JDB

FOUR SEASONS HOTELS LIMITED,

      Defendant.

## RESPONSE TO PRODUCTION OF DOCUMENTS
## FOR VASHTI SHERROD

**REQUEST NO 1:**    All documents identified or referred to in Plaintiffs Answers to Defendant's First Set of Interrogatories to Plaintiff.

**RESPONSE:**      Included


**REQUEST NO. 2:**    With regard to the injuries Plaintiff claims to have sustained as a result of the incident described in the Complaint that allegedly occurred on May 14, 2006, any and all documents that record, reflect, refer or relate to any treatment by or consultation with any physician or other healthcare worker (including social workers or therapists of any kind) regarding such injuries, including but not limited to medical records, medical reports, consent forms, medical bills, prescription records, laboratory reports, referral slips, hospital records, insurance claims or records, doctors' reports, doctors' slips, counseling records, correspondence, claim forms, compensation orders or documents of any kind.

**RESPONSE:**      Included


**REQUEST NO. 3:**    With regard to any injuries or impairments Plaintiff has ever had or sustained to her arms, shoulders or back, any and all documents that record, reflect, refer or relate to any treatment Plaintiff ever received for such arm, shoulder or back injuries or

impairments, by or consultation with any physician or other healthcare worker (including social workers or therapists of any kind regarding such injuries), including but not limited to medical records, medical reports, consent forms, medical bills, prescription records, laboratory reports, referral slips, hospital records, insurance claims or records, doctors' reports, doctors' slips, counseling records, correspondence, claim forms, compensation orders or documents of any kind.

**RESPONSE:**       Documents from Progressive suit included.


**REQUEST NO. 4:**    Any and all documents that support, refute, rebut, reflect, refer or relate to any allegation of Plaintiffs Complaint.

**RESPONSE:**       Documents included.


**REQUEST NO. 5:**    Any and all documents, statements referring or relating to, or transcriptions of statements by Plaintiff or any other individual regarding the incident described in the Complaint that allegedly occurred on May 14, 2006.

**RESPONSE:**       None known


**REQUEST NO. 6:**    Any and all documents that tend to support, refute, rebut, reflect, refer or relate to Plaintiffs claims for compensatory, emotional distress, punitive and any other damages, any and all other monetary or non-monetary benefits, and interest thereon, or any other losses for which Plaintiff seeks reimbursement in this action.

**RESPONSE:**       Included


**REQUEST NO. 7:**    Any and all documents, photographs, diagrams, depictions, and/or

2

videotapes related to or reflecting the events of May 14, 2006.

    **RESPONSE:**        None at this time

    **REQUEST NO. 8:**   Any and all documents provided to, or received from an expert witness, including any and all documents reviewed, prepared, authored, relied upon or drafted by such expert witness.

    **RESPONSE:**        No expert designated at this time

    **REQUEST NO. 9:**   All documents, whether or not addressed by the above requests, that Plaintiff knows, believes, suspects or contends tend to support, rebut, refute, reflect, refer or relate in any way to any of the allegations and claims set forth (whether explicitly or implicitly) in the Complaint.

    **RESPONSE:**        Defendant may have such documents

    **REQUEST NO. 10:**   All documents discussing, describing, relating to or embodying any agreement for Plaintiffs payment of legal fees and costs in this matter.

    **RESPONSE:**        Privileged

    **REQUEST NO. 11:**   All documents that are or were maintained by Plaintiff (including, by way of example and not limitation, diaries, journals, calendars, day timers, appointment books, handwritten, computerized, and/or personal notes, tape recordings, telephone conversation messages, and notes of meetings) describing, relating to, referring to, or touching upon the incident described in the Complaint that allegedly occurred on May 14, 2006.

    **RESPONSE:**        None

**REQUEST NO. 12:**  Any and all documents (including notes and e-mails) that memorialize, reflect, refer or relate to oral or written communications of any sort by or between Plaintiff (or anyone acting or purporting to act on Plaintiffs behalf) and (1) Plaintiffs friends, family or business associates; (2) anyone acting or purporting to act on behalf of Four Seasons; (3) former or current employees or guest of Defendant or the Four Seasons Hotel Washington; or (4) any other person, regarding the allegations contained in Plaintiffs Complaint.

    **RESPONSE:**        Included


**REQUEST NO. 13:**  Any and all documents in your custody, possession, or control regarding or relating to any prior visits or stays by Plaintiff at the Four Seasons Hotel Washington.

    **RESPONSE:**        None in my current possession


**REQUEST NO. 14:**  Any and all documents that reflect any income or compensation received by Plaintiff from any source whatsoever from May 14, 2006 to the present including, but not limited to, pay stubs, IRS W-2 forms or 1099 forms, your federal and state income tax returns for 2006.

    **RESPONSE:**        Included

Respectfully submitted,

_____
WARREN E. GORMAN, ESQ.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815
(301)654-5757
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing Answers to Interrogatories was mailed first class postage pre-paid, on this _____ day of _____, 2007, to Karla Grossenbacher, Esq. Seyfarth Shaw LLP, 815 Connecticut Avenue, N.W. Suite 500, Washington, D.C. 20006.


_____
WARREN E. GORMAN, ESQ.

5

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VASHTI SHERROD, et al.                          :
                                                :
          Plaintiffs,                           :
                                                :
v.                                              :    Civil Action No. 1: 07-cv-00784-JDB
                                                :
FOUR SEASONS HOTELS LIMITED,                    :
                                                :
          Defendant.                            :

## RESPONSE TO PRODUCTION OF DOCUMENTS
## FOR EUGENE SHERROD

**REQUEST NO 1:**    All documents identified or referred to in Plaintiffs Answers to
Defendant's First Set of Interrogatories to Plaintiff.

**RESPONSE:**        Included


**REQUEST NO. 2:**    With regard to the injuries Plaintiff claims to have sustained as a
result of the incident described in the Complaint that allegedly occurred on May 14, 2006, any
and all documents that record, reflect, refer or relate to any treatment by or consultation with any
physician or other healthcare worker (including social workers or therapists of any kind)
regarding such injuries, including but not limited to medical records, medical reports, consent
forms, medical bills, prescription records, laboratory reports, referral slips, hospital records,
insurance claims or records, doctors' reports, doctors' slips, counseling records, correspondence,
claim forms, compensation orders or documents of any kind.

**RESPONSE:**        Included


**REQUEST NO. 3:**    With regard to any injuries or impairments Plaintiff has ever had or
sustained to her arms, shoulders or back, any and all documents that record, reflect, refer or
relate to any treatment Plaintiff ever received for such arm, shoulder or back injuries or

impairments, by or consultation with any physician or other healthcare worker (including social workers or therapists of any kind regarding such injuries), including but not limited to medical records, medical reports, consent forms, medical bills, prescription records, laboratory reports, referral slips, hospital records, insurance claims or records, doctors' reports, doctors' slips, counseling records, correspondence, claim forms, compensation orders or documents of any kind.

      **RESPONSE:**       Documents from Progressive suit included.

      **REQUEST NO. 4:**   Any and all documents that support, refute, rebut, reflect, refer or relate to any allegation of Plaintiffs Complaint.

      **RESPONSE:**       Documents included.

      **REQUEST NO. 5:**   Any and all documents, statements referring or relating to, or transcriptions of statements by Plaintiff or any other individual regarding the incident described in the Complaint that allegedly occurred on May 14, 2006.

      **RESPONSE:**       None known

      **REQUEST NO. 6:**   Any and all documents that tend to support, refute, rebut, reflect, refer or relate to Plaintiffs claims for compensatory, emotional distress, punitive and any other damages, any and all other monetary or non-monetary benefits, and interest thereon, or any other losses for which Plaintiff seeks reimbursement in this action.

      **RESPONSE:**       Included

      **REQUEST NO. 7:**   Any and all documents, photographs, diagrams, depictions, and/or

videotapes related to or reflecting the events of May 14, 2006.

**RESPONSE:**        None at this time

**REQUEST NO. 8:**    Any and all documents provided to, or received from an expert witness, including any and all documents reviewed, prepared, authored, relied upon or drafted by such expert witness.

**RESPONSE:**        No expert designated at this time

**REQUEST NO. 9:**    All documents, whether or not addressed by the above requests, that Plaintiff knows, believes, suspects or contends tend to support, rebut, refute, reflect, refer or relate in any way to any of the allegations and claims set forth (whether explicitly or implicitly) in the Complaint.

**RESPONSE:**        Defendant may have such documents

**REQUEST NO. 10:**    All documents discussing, describing, relating to or embodying any agreement for Plaintiffs payment of legal fees and costs in this matter.

**RESPONSE:**        Privileged

**REQUEST NO. 11:**    All documents that are or were maintained by Plaintiff (including, by way of example and not limitation, diaries, journals, calendars, day timers, appointment books, handwritten, computerized, and/or personal notes, tape recordings, telephone conversation messages, and notes of meetings) describing, relating to, referring to, or touching upon the incident described in the Complaint that allegedly occurred on May 14, 2006.

**RESPONSE:**        None

3

**REQUEST NO. 12:** Any and all documents (including notes and e-mails) that memorialize, reflect, refer or relate to oral or written communications of any sort by or between Plaintiff (or anyone acting or purporting to act on Plaintiffs behalf) and (1) Plaintiffs friends, family or business associates; (2) anyone acting or purporting to act on behalf of Four Seasons; (3) former or current employees or guest of Defendant or the Four Seasons Hotel Washington; or (4) any other person, regarding the allegations contained in Plaintiffs Complaint.

    **RESPONSE:**      Included


**REQUEST NO. 13:** Any and all documents in your custody, possession, or control regarding or relating to any prior visits or stays by Plaintiff at the Four Seasons Hotel Washington.

    **RESPONSE:**      None in my current possession


**REQUEST NO. 14:** Any and all documents that reflect any income or compensation received by Plaintiff from any source whatsoever from May 14, 2006 to the present including, but not limited to, pay stubs, IRS W-2 forms or 1099 forms, your federal and state income tax returns for 2006.

    **RESPONSE:**      Included

4

Respectfully submitted,

_____
WARREN E. GORMAN, ESQ.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815
(301)654-5757
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing Answers to Interrogatories was mailed first class

postage pre-paid, on this _____ day of _____, 2007, to Karla Grossenbacher, Esq.

Seyfarth Shaw LLP, 815 Connecticut Avenue, N.W. Suite 500, Washington, D.C. 20006.


_____
WARREN E. GORMAN, ESQ.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA

VASHTI SHERROD, et al.                          :

      Plaintiffs,                                :

      v.                                       : Civil Action No. 1: 07-cv-00784-JDB

FOUR SEASONS HOTELS LIMITED,                    :
                                    :

      Defendant.                               :

## ANSWERS TO INTERROGATORRIES
## FOR EUGENE SHERROD

**INTERROGATORY NO. 1:**    Without regard to the manner by which the
information has been obtained, identify each and every person who Plaintiff believes or
suspects has knowledge of any facts in any way relating to any issue raised by Plaintiffs
Complaint, and provide a detailed description of the knowledge believed to be possessed by
each such person, all issues contained in Plaintiffs Complaint as to which each such person
is believed to possess, facts and all documents, if any, which each such person is believed to
have reviewed or has in his or her possession.

    **ANSWER:**    Myself, Vashti Sherrod Ginger Demille and Danton Demille were at
the table and observed the partition fall and observed me trying to hold up the partition.
Thomas Hill also viewed the incident.  The work staff and other diners may have observed
the incident.  Sebastian Care came to the table and wrote a letter.  Ginger and Danton
Demille live at 8223 Stacy Road Alexandria, VA.

    **INTERROGATORY NO. 2:**    Identify, by providing the name, address and
home and business telephone numbers, each and every person Plaintiff', her agents,
representatives, or other persons acting on her behalf have had conversations with, or from

whom written statements have been taken, relating in any way to this lawsuit, including the

dates all such conversations were had or statements were taken and describe in detail the

subject matter covered in each conversation or statement. Identify all relevant statements or

documents relating to such conversations.

**ANSWER:**    Vashti Sherrod received a letter from Sebastian Care.  My attorney

has investigated the case.

**INTERROGATORY NO. 3:**    Specify the monetary value of each item of

relief prayed for in the Complaint by Plaintiff, including but not limited to, compensatory

damages and punitive damages and include the manner in which these amounts or values

were calculated, including a breakdown of the dollar amount attributable to each element of

the damages claimed, the factual basis for the alleged damages, and all information and all

persons having knowledge thereof and documents relating thereto. Identify any documents

which evidence or support Plaintiff's claim for each type or item of damage, loss or

expense.

**ANSWER:**    My damages include pharmacy bills of $ 12.52, $13.17, $18.03,

$13.17, $13.17 and $122.52.  A bill from George Washington Hospital Center for 252.78, a

bill from Center for Ambulatory Services for $127.58, a bill for Washington Hospital

Center for $1,817.70, bills from Allied Physical Therapy for $935.00 and a bill from

Ambulatory Services.

**INTERROGATORY NO. 4:**    Identify each physician or healthcare

professional (including but not limited to social workers and therapists) by whom Plaintiff

was examined, or who treated Plaintiff, or who was consulted by Plaintiff in connection

with the incident described in the Complaint that allegedly occurred on May 14, 2006,

including but not limited to, Plaintiff's alleged injuries and state (1) the reason for

2

Plaintiff's contact with each such physician or healthcare professional; (2) the treatment Plaintiff received, if any; (3) the diagnosis or prognosis given by each such physician and healthcare professional; and (4) the medications, if any, prescribed by each physician and healthcare professional.

**ANSWER:**     All medical visits and medication concerning the incident listed in the complaint.  See answer to No. 3 and response to Request for production of Documents.

**INTERROGATORY NO. 5:**     Identify each physician or healthcare professional (including but not limited to social workers and therapists) by whom Plaintiff was examined, or who treated Plaintiff, or who was consulted by Plaintiff in connection with any injury or impairment to her arms, shoulders or back, including but not limited to, Plaintiff's alleged injuries and state (1) the reason for Plaintiff's contact with each such physician or healthcare professional; (2) the treatment Plaintiff received, if any; (3) the diagnosis or prognosis given by each such physician and healthcare professional; and (4) the medications, if any, prescribed by each physician and healthcare professional.

**ANSWER:**     My injuries and treatment include that in approximately 1999, I received treatment from the Greater South East Community Hospital, WBNA Imaging, and treatment from Allied Physical Therapy.  I received a $30.00 bill from CVS and a bill from David Johnson.  This is in connection with a motor vehicle accident.  I injured neck, shoulder, forehead and back.  In the 1990's I suffered food poisoning as a result of a meal I ate at Legal Sea Food.  I also received treatment as result of an injury at the Watergate Hotel in approximately 1996.

**INTERROGATORY NO. 6:**     Identify any expert whose services Plaintiff has engaged or plans to engage in this action or any expert who Plaintiff intends to or may call at a trial in this case, provide a summary of his or her qualifications as an expert and state

3

the subject matter on which the expert was consulted, the substance of the testimony and/or

opinions which the expert has provided, and give a summary of the factual basis for such

testimony or opinions.

**ANSWER:**    Expert witness has not been decided.


**INTERROGATORY NO. 7:**    Identify all lawsuits, complaints, charges,

grievances and petitions, civil or criminal, filed by or against Plaintiff or her agents,

representatives or attorneys in any judicial or administrative proceeding, by providing for

each the dates of filing, the judicial or administrative body where the lawsuits, complaints,

charges, grievances and petitions were filed, the parties involved, the subject matter covered

and the outcome of each, including but not limited to settlement. Identify all relevant

documents created in connection with such proceedings.

**ANSWER:**    I sued Progressive Northern Insurance Company in the District of

Columbia in Civil Action No. 867-00 based on a personal injury protection policy of my

insurance contract. The case was settled. I sued Mohamed El-Habibachir CIL 01-10908 for

personal injuries for the same incident as the personal injury protection suit. I settled the

case for $13,500.00. In 1996 I received approximately $5,000.00 in suit against Legal Sea

Food as a result of food poisoning in small claims court in the District of Columbia. I also

sued the Watergate Hotel in approximately 1996. There may have been other causes of

action in other years. For the case against Progressive Insurance Company I received with

my wife $8,993.75. I received approximately $11,076.84 for lost wages and approximately

$2,100.00 for medical bills. In 2005 I was sued by Physiotherapy Associates. A judgment

was satisfied.

4

**INTERROGATORY NO. 8:**       Identify all persons contacted, contracted, consulted or communicated with regarding the issue of causation in this case, including, but not limited to, anyone with whom Plaintiff or anyone acting on her behalf has communicated with in order to attempt to determine causation and/or who might be used to opine on causation.

**ANSWER:**    Sebastian Care was in communication with Vashti Sherrod.

**INTERROGATORY NO. 9:**       Identify each of the individuals seated at Plaintiff's table in Seasons Restaurant for a period of time, however short, on May 14, 2006. Specifically, state whether such individuals are or were at the time related to Plaintiff by blood or marriage.

**ANSWER:**    Vashti Sherrod and Eugene Sherrod are married.  Ginger Demille and Thomas Hill are brother and sister and are the children of Vashti and Eugene Sherrod. Danton Demille is the son-in-law of Vashti and Eugene Sherrod.

**INTERROGATORY NO. 10:**      Identify and describe in detail all injuries allegedly caused by the incident described in the Complaint that allegedly occurred on May 14, 2006, include any alleged aggravation, acceleration or exacerbation to any preexisting injury, disease or condition.

**ANSWER:**    My injuries include injuries to my neck, shoulders, arm and lower back.

**INTERROGATORY NO. 11:**      To the extent Plaintiff has ever been called to testify or has testified in connection with any criminal, civil, administrative or regulatory proceeding (whether at a deposition, before a grand jury, at an evidentiary hearing or trial, and whether or not he was a party to the proceeding) in which her testimony touched upon

5

or referred to any of the allegations contained in the Complaint, identify each such proceeding by stating the title and nature of the proceeding, the names and addresses of the parties to the proceeding, the name and addresses of the court or agencies in which it was filed, the substance of the testimony given therein by Plaintiff, the names and addresses of the persons who questioned Plaintiff, the determination, if any, rendered by the court or agency, the final resolution of the matter, the name and address of each attorney, if any, representing or counseling Plaintiff in connection with the testimony and all documents comprising, memorializing or relating to each such testimony.

**ANSWER:**    In the case against Legal Sea Food in small claims court in the District of Columbia, I believe I have testified at the trial. I probably was deposed in the case against Progressive and El-Habibahir. I was deposed in the case against Watergate Hotel.

**INTERROGATORY NO. 12:**    To the extent any document responsive to Defendant's First Request For Production Of Documents (served on Plaintiff concurrently herewith) has been destroyed or is otherwise no longer available, identify the document by including the name of the document, the persons responsible for the distinction or unavailability of the document, the persons who actually destroyed the document or caused it to be unavailable, the reasons for the destruction or unavailability of the document and all persons knowing said reasons, and all documents referring or relating to the document in question.

**ANSWER:**    I do not have records with the case of the Watergate Hotel. Attorney Richard Appel may have some records. I do not know where the records of the Legal Sea Food case. Other records concerning the other law suits should be included in the Production for Documents.

6

**INTERROGATORY NO. 13:**        Please identify all documents which Plaintiff consulted or relied upon in formulating her answers to these Interrogatories, whether or not specifically identified in Plaintiffs answers. In so identifying these documents, state to which Interrogatory or Interrogatories each document relates.

   **ANSWER:**     Medical records, letters, document from employment.

**INTERROGATORY NO. 14:**        Identify each and every job (including self-employment), full-time or part-time, temporary or permanent, Plaintiff has held at any time from May 1, 2005 to the present. State Plaintiff's hourly rate or annual salary in such job, the name and address of Plaintiff's employer and the name of Plaintiffs direct supervisor.

   **ANSWER:**     Maid for a day 2135 Suitland Terrace, S.E. Washington, D.C. 20020. I retired and my supervisor was Del Roberts.

**INTERROGATORY NO. 15:**        If you contend that Defendant or anyone acting on Defendant's behalf or anyone employed by, acting on behalf of or representing the Four Seasons Hotel Washington has made any admissions or declarations against interest concerning any allegation in the Complaint, or in any way related to the claims in this lawsuit, identify the statement made, who made it, who was present when it was made and/or to whom the statement was directed, and when and where it was made.

   **ANSWER:**     The manager of the Four Seasons Hotel wrote to Vashti Sherrod.

**INTERROGATORY NO. 16:**        Identify and describe in detail all income, compensation, benefits, bonuses, dividends or other items of value received by Plaintiff from any source (whether as an employee, independent contractor, government benefits, or otherwise) for the period from May 14, 2006 to the present and identify each such item of

7

income, compensation, benefits, bonuses, dividends or other items of value, the entity from which each such item was received, the amounts of each, and the date(s) of receipt.

**ANSWER:**    I did not work from May 14, 2006 until October 2, 2006.


**INTERROGATORY NO. 17:**    Identify all persons with whom Plaintiff traveled to and/or from the Four Seasons Hotel Washington on May 14, 2006.

**ANSWER:**    I went with Vashti Sherrod.


**INTERROGATORY NO. 18:**    Identify and describe in detail any and all demands, claims, letters, or any other form of oral or written communication by Plaintiff making an offer of compromise or settlement or seeking compensation for an alleged injury, accident and/or legal wrong.

**ANSWER:**    Objection request for records for settlement are not discoverable. Irrespective of that objection my attorneys attempted to settle other cases and requested a payment.


Respectfully submitted,


WARREN E. GORMAN, ESQ.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815
(301) 654-5757
*Attorney for Plaintiff*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing Answers to Interrogatories was mailed first class postage pre-paid, on this _____ day of _____, 2007, to Karla Grossenbacher, Esq. Seyfarth Shaw LLP, 815 Connecticut Avenue, N.W. Suite 500, Washington, D.C. 20006.

_____
WARREN E. GORMAN, ESQ.

9

## VERIFICATION

I swear and affirm that the foregoing Answers are true and accurate to the best of my

knowledge, information and belief.

_Eugene Sherrod_
Eugene Sherrod

SUBSCRIBED and SWORN before me this _15th_ day of _August_, 2007.

JONATHAN J. GOLDBERG
Notary Public, State of Maryland
County of Montgomery
My Commission Expires September 13, 2008

_Jonathan J Goldberg_
Notary Public

My Commission Expires: _Sept 13, 2008_

10

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA

VASHTI SHERROD, et al.                     :

      Plaintiffs,                            :

      v.                                     :     Civil Action No. 1: 07-cv-0784-JDB

FOUR SEASONS HOTELS LIMITED,               :

      Defendant.                             :

## ANSWERS TO INTERROGATORRIES
## FOR VASHTI SHERROD

**INTERROGATORY NO. 1:**    Without regard to the manner by which the
information has been obtained, identify each and every person who Plaintiff believes or
suspects has knowledge of any facts in any way relating to any issue raised by Plaintiffs
Complaint, and provide a detailed description of the knowledge believed to be possessed
by each such person, all issues contained in Plaintiffs Complaint as to which each such
person is believed to possess, facts and all documents, if any, which each such person is
believed to have reviewed or has in his or her possession.

    **ANSWER:**    Myself, Eugene Sherrod Ginger Demille and Danton Demille were at
the table and observed the partition fall and observed me trying to hold up the partition.
Thomas Hill also viewed the incident.  The work staff and other diners may have observed
the incident.  Sebastian Care came to the table and wrote a letter.  Ginger and Danton
Demille live at 8223 Stacy Road Alexandria, VA.

    **INTERROGATORY NO. 2:**    Identify, by providing the name, address and
home and business telephone numbers, each and every person Plaintiff, her agents,
representatives, or other persons acting on her behalf have had conversations with, or from
whom written statements have been taken, relating in any way to this lawsuit, including the

dates all such conversations were had or statements were taken and describe in detail the subject matter covered in each conversation or statement. Identify all relevant statements or documents relating to such conversations.

**ANSWER:**    I received a letter from Sebastian Care.  My attorney has investigated the case.

**INTERROGATORY NO. 3:**    Specify the monetary value of each item of relief prayed for in the Complaint by Plaintiff, including but not limited to, compensatory damages and punitive damages and include the manner in which these amounts or values were calculated, including a breakdown of the dollar amount attributable to each element of the damages claimed, the factual basis for the alleged damages, and all information and all persons having knowledge thereof and documents relating thereto. Identify any documents which evidence or support Plaintiffs claim for each type or item of damage, loss or expense.

**ANSWER:**    My bills concerning this accident include $2,730.00 from Physical Therapy and Sports Center.  A bill from George Washington University Hospital for $470.00 and a bill from Progressive for $1280.00.  A bill from Dr. Johnson for $708.00.

**INTERROGATORY NO. 4:**    Identify each physician or healthcare professional (including but not limited to social workers and therapists) by whom Plaintiff was examined, or who treated Plaintiff, or who was consulted by Plaintiff in connection with the incident described in the Complaint that allegedly occurred on May 14, 2006, including but not limited to, Plaintiffs alleged injuries and state (1) the reason for Plaintiffs contact with each such physician or healthcare professional; (2) the treatment Plaintiff received, if any; (3) the diagnosis or prognosis given by each such physician and healthcare professional; and (4) the medications, if any, prescribed by each physician and healthcare professional.

2

**ANSWER:**    See answer to No. 3 and response to Production of Document.

**INTERROGATORY NO. 5:**    Identify each physician or healthcare professional (including but not limited to social workers and therapists) by whom Plaintiff was examined, or who treated Plaintiff, or who was consulted by Plaintiff in connection with any injury or impairment to her arms, shoulders or back, including but not limited to, Plaintiffs alleged injuries and state (1) the reason for Plaintiffs contact with each such physician or healthcare professional; (2) the treatment Plaintiff received, if any; (3) the diagnosis or prognosis given by each such physician and healthcare professional; and (4) the medications, if any, prescribed by each physician and healthcare professional.

**ANSWER:**    In the case against Mohamed El-Habibachir I received treatment from Dr. Johnson Allied Physical Therapy, Sibley Hospital, Greater South East Hospital and a bill from CVS.

**INTERROGATORY NO. 6:**    Identify any expert whose services Plaintiff has engaged or plans to engage in this action or any expert who Plaintiff intends to or may call at a trial in this case, provide a summary of his or her qualifications as an expert and state the subject matter on which the expert was consulted, the substance of the testimony and/or opinions which the expert has provided, and give a summary of the factual basis for such testimony or opinions.

**ANSWER:**    No determination has been made.

**INTERROGATORY NO. 7:**    Identify all lawsuits, complaints, charges, grievances and petitions, civil or criminal, filed by or against Plaintiff or her agents, representatives or attorneys in any judicial or administrative proceeding, by providing for

3

each the dates of filing, the judicial or administrative body where the lawsuits, complaints,

charges, grievances and petitions were filed, the parties involved, the subject matter

covered and the outcome of each, including but not limited to settlement. Identify all

relevant documents created in connection with such proceedings.

**ANSWER:**    I sued Progressive Northern Insurance Company in the District of

Columbia in Civil Action No. 867-00 based on a personal injury protection policy of my

insurance contract. The case was settled. I sued Mohamed Al-Habibechir CIL 01-10908

for personal injuries for the same incident as the personal injury protection suit. I settled

the case for $13,500.00. In the 1990s I received approximately $5,000.00 in suit against

Legal Sea Food as a result of food poisoning. I also sued the Watergate Hotel 1997.

There may have been other causes of action in other years. For the case against

Progressive Insurance Company I received with my husband $8,993.75. I received money

for lost wages and medical bills.

**INTERROGATORY NO. 8:**        Identify all persons contacted, contracted,

consulted or communicated with regarding the issue of causation in this case, including,

but not limited to, anyone with whom Plaintiff or anyone acting on her behalf has

communicated with in order to attempt to determine causation and/or who might be used

to opine on causation.

**ANSWER:**    I communicated with Sebastian Care.


**INTERROGATORY NO. 9:**        Identify each of the individuals seated at

Plaintiffs table in Seasons Restaurant for a period of time, however short, on May 14,

2006. Specifically, state whether such individuals are or were at the time related to

Plaintiff by blood or marriage.

4

**ANSWER:**    Vashti Sherrod and Eugene Sherrod are married.  Ginger Demille and Thomas Hill are brother and sister and are the children of Vashti and Eugene Sherrod. Danton Demille is the son-in-law of Vashti and Eugene Sherrod.

**INTERROGATORY NO. 10:**    Identify and describe in detail all injuries allegedly caused by the incident described in the Complaint that allegedly occurred on May 14, 2006, include any alleged aggravation, acceleration or exacerbation to any preexisting injury, disease or condition.

**ANSWER:**    I had pain in part of my body including but not limited to my neck, shoulders and back. Throat

**INTERROGATORY NO. 11:**    To the extent Plaintiff has ever been called to testify or has testified in connection with any criminal, civil, administrative or regulatory proceeding (whether at a deposition, before a grand jury, at an evidentiary hearing or trial, and whether or not he was a party to the proceeding) in which her testimony touched upon or referred to any of the allegations contained in the Complaint, identify each such proceeding by stating the title and nature of the proceeding, the names and addresses of the parties to the proceeding, the name and addresses of the court or agencies in which it was filed, the substance of the testimony given therein by Plaintiff, the names and addresses of the persons who questioned Plaintiff, the determination, if any, rendered by the court or agency, the final resolution of the matter, the name and address of each attorney, if any, representing or counseling Plaintiff in connection with the testimony and all documents comprising, memorializing or relating to each such testimony.

**ANSWER:**    In the case against Legal Sea Food in small claims court in the District of Columbia, I may have testified at the trial.  I may have given testimony at the

5

depositions in the case against Progressive and El-Habibahir. I gave a deposition in the case against Watergate Hotel.

**INTERROGATORY NO. 12:**     To the extent any document responsive to Defendant's First Request for Production Of Documents (served on Plaintiff concurrently herewith) has been destroyed or is otherwise no longer available, identify the document by including the name of the document, the persons responsible for the destruction or unavailability of the document, the persons who actually destroyed the document or caused it to be unavailable, the reasons for the destruction or unavailability of the document and all persons knowing said reasons, and all documents referring or relating to the document in question.

**ANSWER:**    Many of the documents requested incidents from many years ago. I do not know where all the documents are.

**INTERROGATORY NO. 13:**     Please identify all documents which Plaintiff consulted or relied upon in formulating her answers to these Interrogatories, whether or not specifically identified in Plaintiff's answers. In so identifying these documents, state to which Interrogatory or Interrogatories each document relates.

**ANSWER:**    Medical records and loss of wages documents.


**INTERROGATORY NO. 14:**     Identify each and every job (including self-employment), full-time or part-time, temporary or permanent, Plaintiff has held at any time from May 1, 2005 to the present. State Plaintiffs hourly rate or annual salary in such job, the name and address of Plaintiffs employer and the name of Plaintiffs direct supervisor.

6

**ANSWER:**    Maid for a day 2135 Suitland Terrace, S.E. Washington, D.C. 20020.

I retired.

**INTERROGATORY NO. 15:**    If you contend that Defendant or anyone acting

on Defendant's behalf or anyone employed by, acting on behalf of or representing the Four

Seasons Hotel Washington has made any admissions or declarations against interest

concerning any allegation in the Complaint, or in any way related to the claims in this

lawsuit, identify the statement made, who made it, who was present when it was made

and/or to whom the statement was directed, and when and where it was made.

**ANSWER:**    The manager of the Four Seasons Hotel wrote to me.


**INTERROGATORY NO. 16:**    Identify and describe in detail all income,

compensation, benefits, bonuses, dividends or other items of value received by Plaintiff

from any source (whether as an employee, independent contractor, government benefits, or

otherwise) for the period from May 14, 2006 to the present and identify each such item of

income, compensation, benefits, bonuses, dividends or other items of value, the entity

from which each such item was received, the amounts of each, and the date(s) of receipt.

**ANSWER:**    I did not work from May 14, 2005, to the end of September 2005.


**INTERROGATORY NO. 17:**    Identify all persons with whom Plaintiff

traveled to and/or from the Four Seasons Hotel Washington on May 14, 2006.

**ANSWER:**    I went with my husband.


**INTERROGATORY NO. 18:**    Identify and describe in detail any and all

demands, claims, letters, or any other form of oral or written communication by plaintiff

making an offer of compromise or settlement or seeking compensation for an alleged injury, accident and/or legal wrong.

**ANSWER:**   Objection request for records for settlement are not discoverable. Irrespective of that objection my attorneys attempted to settle other cases and requested a payment.

Respectfully submitted,

_____
WARREN E. GORMAN, ESQ.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815
(301) 654-5757
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing Answers to Interrogatories was mailed first class postage pre-paid, on this ___ day of ___, 2007, to Karla Grossenbacher, Esq. Seyfarth Shaw LLP, 815 Connecticut Avenue, N.W. Suite 500, Washington, D.C. 20006.

_____
WARREN E. GORMAN, ESQ.

## VERIFICATION

I swear and affirm that the foregoing Answers are true and accurate to the best of my

knowledge, information and belief.

_____
Vashti Sherrod

SUBSCRIBED and SWORN before me this _15th_ day of _August_, 2007.

JONATHAN J. GOLDBERG
Notary Public, State of Maryland
County of Montgomery
My Commission Expires September 13, 2008

_____
Notary Public

My Commission Expires: _Spt 13, 2008_

9

# EXHIBIT G



Writer's direct phone
(202) 828-5368

Writer's e-mail
emoriarty@seyfarth.com

August 30, 2007

## VIA FACSIMILE AND FIRST CLASS MAIL

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815

      Re:    <u>Sherrod, et al. v. Four Seasons Hotels Limited</u>

Dear Mr. Gorman:

      We have received Plaintiffs' responses to the Defendant's discovery requests in the above-referenced case. The responses are deficient in several respects. As you know, Plaintiffs responses to these discovery requests were due on July 25, 2007. We did not receive the responses until on or about August 23. If we do not receive the supplemental answers and additional responsive documents requested below by September 10, 2007, we will contact the Court regarding Plaintiffs' failure to comply with their obligations in discovery.

      Additionally, you informed me in July that you would provide to us supplemental Initial Disclosures after receiving our July 6, 2007 letter requesting that you revise your Initial Disclosures to identify the subjects of discoverable information Plaintiffs believe that Dawton Demille, Ginger Demille and Charles Auer have. We also requested that you revise Section III to provide the required computation of how Plaintiffs arrived at the $500,000 in damages each of them is seeking to recover in the Complaint. We have yet to receive any supplementation of Plaintiffs' Initial Disclosures. Please provide supplementation immediately.

      Furthermore, we sent a subpoena to you on or about July 18, 2007 directed to Eugene Sherrod in his capacity as registered agent for Maid for a Day. As noted in our letter, we did not believe it was appropriate to serve Mr. Sherrod directly since you represent him in this litigation. We never received a response from you that you did not accept service of process on behalf of Mr. Sherrod. We also did not receive any of the documents requested in the subpoena. Please provide the documents to us immediately. As you know, these documents are critical as Plaintiffs are seeking damages for lost wages due to time missed from work at Maid for a Day. We would also point out that these documents are responsive to Request No. 14 in Defendant's First Requests for Production of Documents.

ATLANTA  BOSTON  CHICAGO  HOUSTON  LOS ANGELES  NEW YORK  SACRAMENTO  SAN FRANCISCO  WASHINGTON, D.C.  BRUSSELS



## Deficiencies in Interrogatory Answers

As a threshold matter, Plaintiffs' responses overall fail to comply with the definition of "identify" included in Defendant's First Set of Interrogatories. When referring to a natural person, Plaintiffs are to identify by stating the person's full name, current or last known home and business addresses and telephone numbers, and position of employment at the time in question. When referring to a document, Plaintiffs are to state the general nature of the document, the author or the originator, each addressee, all individuals designated to receive or who otherwise have received a copy of the document, date, title and general subject matter, present custodian of each copy and last known address of each such custodian.

Moreover, when referring to an oral statement or conversation, Plaintiffs are to state the date and place the oral statement or conversation was made or took place, the identity of each person who made, participated in, or heard any part of the oral statement or conversation, the substance of what was said by each person who made or participated in the oral statement or conversation, and the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such oral statement or conversation.

Interrogatory Nos. 1 and 9 – Plaintiff Vashti Sherrod ("Plaintiff V. Sherrod") and Plaintiff Eugene Sherrod ("Plaintiff E. Sherrod") both identified Ginger Demille, Danton Demille and Thomas Hill but did not provide complete for Ginger and Danton Demille and did not provide any contact information for Thomas Hill. Please provide immediate supplementation with the named individuals' telephone numbers and addresses.

Interrogatory No. 3 – In response to this Interrogatory, Plaintiff V. Sherrod simply listed "bills concerning this accident include $2,730.00 from Physical Therapy and Sports Center. A bill from George Washington University Hospital for $470.00 and a bill from progressive for $1280.00. A bill from Dr. Johnson for $708.00." Similarly, Plaintiff E. Sherrod responded "[m]y damages include pharmacy bills of $12.52, $13.17, $18.03, $13.17, $13.17 and $122.52. A bill from George Washington Hospital Center for 252.78, a bill from Center for Ambulatory Services for $127.58, a bill for Washington Hospital Center for $1,817.70, bills from Allied Physical Therapy for $935.00 and a bill from Ambulatory Services."

In Plaintiffs' Complaint, Plaintiffs request more than $500,000.00 in relief. Instead of answering this Interrogatory, Plaintiffs simply provided examples of bills without any supporting information, breakdown or factual basis. Please provide a breakdown of Plaintiffs' damages that encompasses all relief sought by Plaintiffs. If Plaintiffs are revising their demand in this case to include only that relief described in their respective answers to Interrogatory No. 3, please so state.

Interrogatory No. 4 – In response to this Interrogatory, Plaintiff V. Sherrod referred to her response to Interrogatory No. 3 and her response to "Production of Document." Plaintiff E. Sherrod referred to "all medical visits and medication concerning the incident listed in the complaint" as well as his response to Interrogatory No. 3 and his response to "production of Documents." This is completely non-responsive. The Interrogatory asks for names of physicians and health care professionals. However, Plaintiffs do not provide any such names. If Plaintiffs cannot recall the



names of the physicians or health care professionals who treated them, they should so state, and at a minimum, provide where they sought such treatment. This is critical information as Defendant intends to subpoena such persons/entities for medical records. Moreover, Plaintiffs did not provide descriptions of the treatments received, the diagnoses or prognoses given and the medications prescribed.

Interrogatory No. 5 – Plaintiff V. Sherrod state that she received treatment from "Dr. Johnson Allied Physical Therapy, Sibley Hospital, Greater Southeast Hospital and a bill from CVS." Plaintiff V. Sherrod did not provide descriptions of the treatments received, the diagnoses or prognoses given and the medications prescribed. Plaintiff E. Sherrod responded that he received treatment from Greater South East Community Hospital, WBNA Imaging, and Allied Physical Therapy in connection with a motor vehicle accident, but did not provide any contact information for these entities to allow us to subpoena them. Plaintiff E. Sherrod further responded that he received treatment as a result of an injury at the Watergate, but did not state from whom or where he received treatment. Plaintiff E. Sherrod did not provide names, contact information, descriptions of the treatments received, the diagnoses or prognoses given and the medications prescribed. Please provide immediate supplementation.

Interrogatory No. 7 – In response to this Interrogatory, Plaintiffs did not provide the dates of the lawsuits, the names of the courts in which such suits were filed, the subject matter thereof and the outcomes of all of the listed cases. Plaintiffs stated that "there may have been other causes of action in other years" but failed to provide any specific information. Plaintiffs also failed to identify any relevant documents. Please provide immediate supplementation.

Interrogatory No. 10 – In response to this Interrogatory, Plaintiff V. Sherrod listed that she had "pain in part of [her] body including but not limited to [her] neck, shoulders and back. Throat." Plaintiff E. Sherrod stated that his "injuries include injuries to [his] back, shoulders, arm and lower back." Plaintiffs failed to describe, as requested, in detail their alleged injuries. Please provide immediate supplementation.

Interrogatory No. 11 – Plaintiff V. Sherrod stated that she "may" have testified at the trial against Legal Sea Food in small claims court in the District of Columbia. She further stated that she "may have given testimony in the case against Progressive and El-Habibahr." Plaintiff V. Sherrod should know whether or not she provided testimony. The answer of "may" is non-responsive. Plaintiff E. Sherrod responded that he "believe[s]" he testified at trial, that he "probably was deposed in the case against Progressive and El-Habibahir" and that he was deposed in the case against the Watergate. Again, Plaintiff E. Sherrod should know whether or not he provided testimony. Furthermore, Plaintiffs failed to provide names, addresses, the substance of the testimony given, the attorneys representing the parties and the final resolution of the matter. Please provide immediate supplementation.

Interrogatory No. 12 – Plaintiff V. Sherrod responded that she does "not know where all the documents are." Plaintiff E. Sherrod states that he does "not know where the records of the Legal Sea Food case." Plaintiffs must identify the documents and all persons knowing the reasons for the



unavailability of the documents, as well as the documents themselves. Please provide immediate supplementation.

Interrogatory No. 14 – In her response to this Interrogatory, Plaintiff V. Sherrod listed "Maid for a day 2135 Suitland Terrace, S.E. Washington, D.C. 20020. I retired." Plaintiff E. Sherrod also listed "Maid for a day 2135 Suitland Terrace, S.E. Washington, D.C. 20020. I retired and my supervisor was Del Roberts." Plaintiffs failed to state their hourly rates or annual salaries, identify their positions and Plaintiff V. Sherrod failed to name her direct supervisor(s). Furthermore, Plaintiff E. Sherrod failed to provide any current or last known contact information for Del Roberts. Please supplement immediately.

Interrogatory No. 15 – Both Plaintiffs stated that the manager of the Four Seasons Hotel communicated with Plaintiff V. Sherrod. Plaintiffs failed to identify the manager, identify the statements made and state when and where they were made. Please supplement this information immediately.

Interrogatory No. 16 – In her response to this Interrogatory, Plaintiff V. Sherrod listed that she did not work from May 14, 2005 to the end of September 2005. Plaintiff E. Sherrod stated that he did not work from May 14, 2006 until October 2, 2006. The information provided is not responsive to the Interrogatory. Defendant is entitled to know all income and compensation received by Plaintiffs from May 14, 2006 to present. Please provide responsive information immediately.

Interrogatory No. 18 – Both Plaintiffs objected to this Interrogatory and noted that their attorneys "attempted to settle other cases and requested a payment." Plaintiffs have failed to provide any responsive information to this Interrogatory. A recognition that Plaintiffs requested payment for claims with nothing further is patently insufficient. Furthermore, it is unclear whether or not Plaintiffs are withholding any documents pursuant to objection. Please clarify whether or not Plaintiffs relied on any of its objections to withhold documents. If documents are being withheld on the basis of privilege, please provide a privilege log.

## Deficiencies in First Request for Production of Documents

With regard to the medical records Plaintiffs produced in response to Request Nos. 2,3,4,6, and 9, the documents we received are not bates-labeled, have no other form of identifier, and are in no particular order. In addition, many of the medical records are illegible, cut-off or otherwise incomplete. Given this, we intend to subpoena records regarding Plaintiffs' medical treatment directly from the source so we can have a complete set of medical records for each Plaintiff regarding the medical treatment described in their Complaint and interrogatory answers that are not illegible, cut-off or otherwise incomplete. We have enclosed Authorizations for Release of Health Information ("Authorization") for Plaintiffs. Please have Plaintiffs execute the Authorizations and return them to our office in the enclosed, postage-prepaid envelope so that we may get these documents as soon as possible as we would like to proceed with Plaintiffs' depositions in the near future. Given the nature of this case, we cannot take Plaintiffs' depositions until we have all of the relevant medical records.



Warren E. Gorman, Esq.
August 30, 2007
Page 5

Request No. 10 – Plaintiffs both responded "Privileged" to this Request. To the extent that Plaintiffs seek attorney's fees in this matter, Plaintiffs' objection on the grounds that this information is privileged is unavailing. It is well established that documents relating to attorney's fees and fee arrangements are discoverable where a party seeks to recover its attorney's fees. *See, e.g., Ideal Electronic Security Co. v. Int'l. Fidelity Ins. Co.*, 129 F.3d 143, 151-52 (D.C. Cir. 1997) (party seeking attorneys' fees puts all bills from attorneys at issue). If Plaintiffs will stipulate that they will not seek their attorney's fees if they prevail in this action, Defendant will agree to withdraw this request. Indeed, Defendant would submit that Plaintiffs are not entitled to attorneys' fees in this case. However, if Plaintiffs will not so stipulate, they must produce all documents responsive to this request.

Request No. 14 – In response to this Request, Plaintiffs both stated "Included." However, the only document provided regarding to wages is a W-2 Form from 2005 for Plaintiff E. Sherrod. Please provide responsive information immediately.

If you would like to discuss or have any questions regarding the above, please feel free to contact me. Thank you for your attention to these matters.

Very truly yours,

SEYFARTH SHAW LLP

Elisabeth Moriarty-Ambrozaitis

cc:  Karla Grossenbacher, Esq. (w/out enclosures)
Enclosures

DC1 30207126.2

# EXHIBIT H



Writer's direct phone
(202) 828-5368

Writer's e-mail
emoriarty@seyfarth.com

September 12, 2007

**VIA FACSIMILE AND FIRST CLASS MAIL**

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815

      Re:   <u>Sherrod, et al. v. Four Seasons Hotels Limited</u>

Dear Mr. Gorman:

On August 30, 2007, we sent a letter to your office detailing Plaintiffs' deficiencies in their discovery responses and requesting supplementation no later than September 10, 2007. We also reiterated our request of July 6, 2007 that you provide revised Initial Disclosures. Moreover, we requested immediate response to our subpoena sent to you on or about July 18, 2007 directed to Eugene Sherrod in his capacity as registered agent for Maid for a Day. To date, we have received no supplemental responses or any other information regarding Plaintiffs' discovery deficiencies, Initial Disclosures, or the subpoena to Maid for a Day.

Pursuant to Local Rule 7(m) and Judge Bates' Order, the parties must confer prior to the filing of any motion. Please let me know if you are free on Thursday, September 13, 2007 after 2:00 p.m., Friday, September 14, 2007 after 12:00 p.m., or any time on Monday. If you are not available for any of these times, please let me know what times you would be available.

Thank you.

          Very truly yours,

          SEYFARTH SHAW LLP

          Elisabeth Moriarty-Ambrozaitis

cc: Karla Grossenbacher, Esq.

.

# EXHIBIT I



Writer's direct phone
(202) 828-5368

Writer's e-mail
emoriarty@seyfarth.com

September 24, 2007

**<u>VIA FACSIMILE AND FIRST CLASS MAIL</u>**

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815

      Re:   <u>Sherrod, et al. v. Four Seasons Hotels Limited</u>

Dear Mr. Gorman:

      As you know, on August 30, 2007, we sent a letter to your office regarding Plaintiffs' deficiencies in their discovery responses and requested supplementation by September 10, 2007. On September 12, 2007, we sent a second letter to your office regarding Plaintiffs' discovery deficiencies, Plaintiffs' failure to supplement their Initial Disclosures and the subpoena sent to your office for Maid for a Day.

      Additionally, in our September 12, 2007 letter, we offered three days and times to confer regarding discovery. We requested that if you were not available for any of the listed times, that you let us know what times you would be available. We have heard nothing in response from your office and received no supplementation to Plaintiffs' discovery responses.

      Accordingly, I will call your office on Wednesday, September 26, 2007 at 2:00 p.m. to discuss Plaintiffs' discovery deficiencies. If you do not participate in this conference or propose another time for the conference, we will proceed with the filing of a Motion to Compel.

      Thank you.

                  Very truly yours,

                  SEYFARTH SHAW LLP

                  Elisabeth Moriarty-Ambrozaitis

cc: Karla Grossenbacher, Esq.

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

# EXHIBIT J

**WARREN E. GORMAN**
ATTORNEY AT LAW
SUITE 1209, CHEVY CHASE BUILDING
5530 WISCONSIN AVENUE
CHEVY CHASE, MARYLAND 20815

(301) 654-5757
FAX (301) 654-2245

September 24, 2007

Elisabeth Moriarty-Ambrozaitis, Esq.
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20006

Dear Ms. Moriarty:

I have reviewed the letter of August 30, 2007, concerning the alleged deficiency from the Discovery Responses. I will provide additional information. One of the law suit filed by the Sherrod's was CAL-01-10908 in the Circuit Court for Prince George's County, Maryland. The Legal Sea Food was a small claims case that was brought in 1996. The case number including Mr.& Mrs. Sherrod and another plaintiff in the Superior Court of the District of Columbia Small Claims Court are 18124-96, 18125-96 & 18126-96. The Sherrod's saw Dr. Christopher Mc Mackin or his associate Lawrence Gimmoch. This is a small claims case there were very few medical records and the plaintiffs do have the bills at their disposal at this time.

Your requests for medical records are deficient. They are overly broad and will subject my clients to a fishing expedition for medical records for their entire existence on the planet.

Sincerely,

Warren E. Gorman

WEG/mm

**WARREN E. GORMAN**
ATTORNEY AT LAW
SUITE 1209, CHEVY CHASE BUILDING
5530 WISCONSIN AVENUE
CHEVY CHASE, MARYLAND 20815

(301) 654-5757
FAX (301) 654-2245

September 24, 2007

Elisabeth Moriarty-Ambrozaitis, Esq.
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20006

Re:     Sherrod v. Four Seasons Hotel Limited

Dear Ms. Moriarty:

I have reviewed the Answers to Interrogatories and Response to Requests for Production of Documents and note a number of deficiencies. I hope you will consider amending to the Discovery Responses.

In Interrogatory No. 4 it was requested to detail the events that set forth in complaint. There is no answer to No. 4 other than an objection. On Interrogatory No. 7 the plaintiff requested the names of persons who have given written statements. There was no answer to that question. In Interrogatory No. 10 you failed to answer the question concerning whether or not the plaintiff was contributorily negligent. In response to question No. 11 you failed to response as to whether or not anyone else other then the defendant and the plaintiff contributed to the occurrence. In Interrogatory No. 13 the plaintiffs requested the name, address and telephone number of the person who manufactured the wall divider that the plaintiffs contend caused there injuries. You failed to respond to that interrogatory. In Interrogatory No. 14 the plaintiffs requested that you describe the dimensions of the wall divider. You failed to properly respond to the question. The defendant failed to respond to Interrogatory No. 17 concerning the way that the wall divider was set up in the room. You also failed to respond to Interrogatory No. 20 concerning the persons who constructed the temporary set up in the room where the plaintiffs were injured.

If we have not spoken on the phone by the time that you receive this communication I would like to set up a time when I could view the room and the wall divider. I would also like to set up a date when I could conduct at least one deposition including the deposition of the corporate designee.

Sincerely,

Warren E. Gorman

WEG/mm

# EXHIBIT K

# SEYFARTH
### ATTORNEYS SHAW LLP

815 Connecticut Avenue, N.W.

Suite 500

Washington, D.C. 20006-4004

(202) 463-2400

fax (202) 828-5393

www.seyfarth.com

Writer's direct phone

(202) 828-5368

Writer's e-mail

emoriarty@seyfarth.com

September 26, 2007

## VIA FACSIMILE AND FIRST CLASS MAIL

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815

    Re:   Sherrod, et al. v. Four Seasons Hotels Limited

Dear Mr. Gorman:

    We are in receipt of your two letters dated September 24, 2007 and faxed to our office on September 25, 2007. To begin, this will confirm that we will call you on Wednesday, September 26, 2007 at 2:00 p.m., as previously stated, in the hopes of reaching you prior to filing any Motion to Compel. We have yet to receive any sufficient supplementation of Plaintiffs' discovery responses so as to remedy the existing deficiencies. In your second letter dated September 24, 2007, you provided a sampling of additional lawsuits filed by Eugene and Vashti Sherrod but nothing further. (We would note that any such additional information needs to be provided in the form of amended interrogatory answers signed under oath by Plaintiffs. A letter from you is not sufficient). You also failed to address the subpoena sent to your office for Maid for a Day.

    Indeed, your current position that our request for medical records is overbroad as they would require your clients to produce "medical records for their entire existence on the planet" seemingly necessitates our filing of a Motion to Compel as it appears you do not intend either to provide us with the releases for medical information we sent you or provide us with any additional medical records. Plaintiff Vashti Sherrod has alleged that she suffered back, shoulder, neck and nerve damages, some of which are allegedly permanent in nature. Plaintiff Eugene Sherrod has alleged that he suffered nerve damages, marks on his body, back injuries and other undefined injuries, some of which are permanent in nature. Contrary to your assertion, we have made a narrowly tailored request for medical records related to the alleged injuries claimed by Plaintiffs and any pre-existing injuries of the same nature. Given these alleged injuries, we are certainly entitled to all of the requested medical records, and we should not have to involve the Court in order to obtain them.

    Additionally, Plaintiffs have yet to supplement their Initial Disclosures, as you had agreed to in early July. We once again ask for immediate supplementation.

    Furthermore, your letters dated September 24, 2007 contend that Defendant's discovery responses are deficient. We will review and consider your contentions. We would be happy to

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA



Warren E. Gorman, Esq.
September 26, 2007
Page 2

arrange a mutually convenient time for your viewing of the room and the wall dividers. However, we will not be producing any defense witnesses for deposition until we have deposed Plaintiffs. We have asked you several times for dates for their depositions. And, of course, we need the information we have requested during discovery before we depose them.

Finally, we sent you a letter on September 6, 2007 regarding Defendant's counteroffer of $7,500.00. We would appreciate the response you told me you would be providing us to that counteroffer.

Thank you.

Very truly yours,

SEYFARTH SHAW LLP

Elisabeth Moriarty-Ambrozaitis

cc: Karla Grossenbacher, Esq.

DCI 30208832.1

# EXHIBIT L

# SEYFARTH
### ATTORNEYS
## SHAW LLP

815 Connecticut Avenue, N.W.

Suite 500

Washington, D.C. 20006-4004

(202) 463-2400

fax (202) 828-5393

www.seyfarth.com

Writer's direct phone

(202) 828-5368

Writer's e-mail

emoriarty@seyfarth.com

September 28, 2007

## VIA FACSIMILE AND FIRST CLASS MAIL

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815

    Re:    <u>Sherrod, et al. v. Four Seasons Hotels Limited</u>

Dear Mr. Gorman:

    This letter is to confirm our conference of September 26, 2007 regarding Plaintiffs' discovery deficiencies. As we discussed, Defendant will serve, via private process server, Eugene Sherrod as registered agent for Maid for a Day with the subpoena previously sent to your office.

    Additionally, both parties agreed to provide supplemental discovery responses, as appropriate, by the close of business on <u>October 5, 2007</u>. Specifically, you have agreed to supplement Plaintiffs' Initial Disclosures with the subjects of discoverable information Plaintiffs believe that Danton Demille, Ginger Demille and Charles Auer have (you indicated you believed that they were sitting at the Sherrods' table), their contact information, and a breakdown of the $500,000 demand, including the amounts of the medical bills and lost wages. You also indicated that the remaining amount of the $500,000 not covered by lost wages and medical bills constitutes the amount of Plaintiffs' alleged pain and suffering.

    Furthermore, you have agreed to provide supplemental responses to Interrogatories Nos. 1, 3, 4, 5, 7, 9, 10, 11, 12, 14, 15, 16 and Requests No. 10 and 14. If you contend, upon conferring with your clients, that you have no further information to provide, please indicate as such in your supplemental response.

    Moreover, Plaintiffs' medical records are an issue of particular importance. You have stated that you will not provide blanket medical authorizations and will only provide authorizations addressed to specific health care providers. To clarify, the releases that we first sent to you on June 25, 2007, and again on August 30, 2007, are <u>not</u> blanket releases. Rather, they do provide an area for the names and addresses of the physicians. Plaintiffs' concerns over a blanket release are misplaced – as Plaintiffs may insert the names and addresses of the physicians and/or other health



care providers who have treated plaintiffs for any alleged injuries suffered on May 14, 2006, as well as any pre-existing injuries of a similar nature.  For your convenience, we have attached copies of the medical releases for Plaintiffs to execute and return to our office in the enclosed, postage-prepaid envelope as soon as possible.

We also discussed your desire to depose Defendant's corporate designee.  Our position remains the same – we will not produce any defense witnesses for deposition until we have deposed Plaintiffs.  Again, we need the information that we have requested during discovery prior to deposing Plaintiffs.  Contrary to your assertion, we first requested that you provide dates Plaintiffs were available for deposition on June 25, 2007.  We have also enclosed a copy of that letter as well.

Additionally, you have offered the following dates to view the room and divider: October 2nd, October 5th,  October 11th,  and October 15th to October 17th.  We will check with Defendant to see if any of these times are convenient and let you know accordingly.

In addition, you indicated that you would not supplement your responses to Interrogatory Nos. 10 and 18.  In Interrogatory No. 10, we requested that Plaintiffs identify and describe in detail all injuries allegedly caused by the incident described in the Complaint that allegedly occurred on May 14, 2006, include any alleged aggravation, acceleration or exacerbation to any preexisting injury, disease or condition.  In response to this Interrogatory, Plaintiff V. Sherrod listed that she had "pain in part of [her] body including but not limited to [her] neck, shoulders and back.  Throat." Plaintiff E. Sherrod stated that his "injuries include injuries to [his] back, shoulders, arm and lower back."  Plaintiffs failed to describe, as requested, in detail their alleged injuries.  You stated that Plaintiffs response was reasonable and sufficient.

In Interrogatory No. 18, we requested that Plaintiffs identify and describe in detail any and all demands, claims, letters, or any other form of oral or written communication by Plaintiffs making an offer of compromise or settlement or seeking compensation for an alleged injury, accident and/or legal wrong.  In response, both Plaintiffs objected to this Interrogatory and noted that their attorneys "attempted to settle other cases and requested a payment."  Plaintiffs have not clarified whether or not they relied on any of their objections to withhold documents and have not produced a privilege log.  You stated that you were not going to supplement this response and that the information requested was privileged.

Given your refusal to provide any supplemental information, we will file a Motion with the Court to obtain responsive information.

Finally, we hope that we can resolve our discovery issues without the intervention of the Court.  However, we will not hesitate to file a Motion to Compel for the remaining issues if we do not receive supplemental responses by the close of business October 5, 2007.

Also, it is unbelievable that, almost three months after sending you the subpoena sent to you for Eugene Sherrod as Custodian of Records for Maid for a Day, you are now telling us to serve that



subpoena on Mr. Sherrod directly. In our cover letter, we asked you to immediately inform us if you were not accepting service. It appears that you are deliberately interfering with our ability to obtain discovery in this case, and as a result, delaying our taking of Plaintiffs' depositions.

       Thank you.

                Very truly yours,

                SEYFARTH SHAW LLP

                Elisabeth Moriarty-Ambrozaitis

cc: Karla Grossenbacher, Esq.

# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VASHTI SHERROD, et al.

      Plaintiffs,

v.                               Civil Action No. 1: 07-cv-0784-JDB

FOUR SEASONS HOTELS LIMITED,

      Defendant.

## SUPPLEMENTAL ANSWERS TO INTERROGATORIES
## FOR VASHTI SHERROD

**INTERROGATORY NO. 1:**     Without regard to the manner by which the information has been obtained, identify each and every person who Plaintiff believes or suspects has knowledge of any facts in any way relating to any issue raised by Plaintiffs Complaint, and provide a detailed description of the knowledge believed to be possessed by each such person, all issues contained in Plaintiffs Complaint as to which each such person is believed to possess, facts and all documents, if any, which each such person is believed to have reviewed or has in his or her possession.

**ANSWER:**   Thomas Hill's address is P.O. Box 1634 York, South Carolina 29745.

**INTERROGATORY NO. 5:**    Identify each physician or healthcare professional (including but not limited to social workers and therapists) by whom Plaintiff was examined, or who treated Plaintiff, or who was consulted by Plaintiff in connection with any injury or impairment to her arms, shoulders or back, including but not limited to, Plaintiffs alleged injuries and state (1) the reason for Plaintiffs contact with each such physician or healthcare professional; (2) the treatment Plaintiff received, if any; (3) the diagnosis or prognosis given by each such physician and healthcare professional; and (4) the medications, if any, prescribed by each physician and healthcare professional.

**ANSWER:**    I believe I saw Dr. Christopher Mc Mackin or his associate Lawrence

Gimmoch for the case against Legal Sea Food. I suffered food poisoning.

**INTERROGATORY NO. 6:** Identify any expert whose services Plaintiff has engaged or plans

to engage in this action or any expert who Plaintiff intends to or may call at a trial in this case,

provide a summary of his or her qualifications as an expert and state the subject matter on which

the expert was consulted, the substance of the testimony and/or opinions which the expert has

provided, and give a summary of the factual basis for such testimony or opinions.

**ANSWER:**    I plan to use Dr. David Johnson, 106 Irving Street, N.W., Washington,

D.C. I expect Dr. Johnson to testify about the treatment I received as a result of this injury. I

expect him to testify concerning the relation between the incident and the treatment I received. I

also expect him to testify concerning the necessity and reasonableness of his bills and any other

medical treatment I received. Dr. Johnson is an orthopedist, licensed to practice in the District of

Columbia. The number for Ginger Demille and Danton Demille (703)765-4530.

**INTERROGATORY NO. 7:**        Identify all lawsuits, complaints, charges,

grievances and petitions, civil or criminal, filed by or against Plaintiff or her agents,

representatives or attorneys in any judicial or administrative proceeding, by providing for each

the dates of filing, the judicial or administrative body where the lawsuits, complaints, charges,

grievances and petitions were filed, the parties involved, the subject matter covered and the

outcome of each, including but not limited to settlement. Identify all relevant documents created

in connection with such proceedings.

**ANSWER:**    The case against Mohammad El-Habib Achir went to the Court of Appeals

in case 00830 in 2002. The Court ruled in my favor. The case numbers concerning the matters

vs. Legal Sea Food, Inc. in the District of Columbia are 18124-96, 18125-96, 18126-96.

**INTERROGATORY NO. 11:**    To the extent Plaintiff has ever been called to testify or has testified in connection with any criminal, civil, administrative or regulatory proceeding (whether at a deposition, before a grand jury, at an evidentiary hearing or trial, and whether or not he was a party to the proceeding) in which her testimony touched upon or referred to any of the allegations contained in the Complaint, identify each such proceeding by stating the title and nature of the proceeding, the names and addresses of the parties to the proceeding, the name and addresses of the court or agencies in which it was filed, the substance of the testimony given therein by Plaintiff, the names and addresses of the persons who questioned Plaintiff, the determination, if any, rendered by the court or agency, the final resolution of the matter, the name and address of each attorney, if any, representing or counseling Plaintiff in connection with the testimony and all documents comprising, memorializing or relating to each such testimony.

**ANSWER:**    In August of 2002, I believe I gave a deposition in relation to the accident concerning Mohamed El-Habib Achir.

**INTERROGATORY NO. 14:**    Identify each and every job (including self-employment), full-time or part-time, temporary or permanent, Plaintiff has held at any time from May 1, 2005 to the present. State Plaintiffs hourly rate or annual salary in such job, the name and address of Plaintiffs employer and the name of Plaintiffs direct supervisor.

**ANSWER:**    The person who may have records concerning my employment is Dell Roberts 2135 Suitland Terrace, S.E. Washington, D.C. 20020, telephone number (202)543 0087.

Respectfully submitted,

WARREN E. GORMAN, ESQ.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815
(301) 654-5757
*Attorney for Plaintiff*

## VERIFICATION

I swear and affirm that the foregoing Answers are true and accurate to the best of my

knowledge, information and belief.

_____
Vashti Sherrod

SUBSCRIBED and SWORN before me this ___5th___ day of _October_, 2007.


_____                    Notary Public

My Commission Expires: _Spr 13, 2008_

JONATHAN J. GOLDBERG
Notary Public, State of Maryland
County of Montgomery
My Commission Expires September 13, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing Motion was mailed first class postage pre-paid, on this _____ day of _____, 2007, to Elisabeth Moriarty-Ambrozaitis, Esq. Seyfarth Shaw LLP, 815 Connecticut Avenue, N.W. Suite 500, Washington, D.C. 20006.

WARREN E. GORMAN, ESQ.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

VASHTI SHERROD, et al.                        :

      Plaintiffs,                              :

                                               :

v.                                              :        Civil Action No. 1: 07-cv-0784-JDB

                                               :

FOUR SEASONS HOTELS LIMITED,                   :

                                               :

      Defendant.                               :

## SUPPLEMENTAL ANSWERS TO INTERROGATORIES
## FOR EUGENE SHERROD

**INTERROGATORY NO. 1:**  Without regard to the manner by which the information has been obtained, identify each and every person who Plaintiff believes or suspects has knowledge of any facts in any way relating to any issue raised by Plaintiffs Complaint, and provide a detailed description of the knowledge believed to be possessed by each such person, all issues contained in Plaintiffs Complaint as to which each such person is believed to possess, facts and all documents, if any, which each such person is believed to have reviewed or has in his or her possession.

      **ANSWER:**  Thomas Hill's address is P.O. Box 1634 York, South Carolina 29745.

      **INTERROGATORY NO. 5:**  Identify each physician or healthcare professional (including but not limited to social workers and therapists) by whom Plaintiff was examined, or who treated Plaintiff, or who was consulted by Plaintiff in connection with any injury or impairment to her arms, shoulders or back, including but not limited to, Plaintiffs alleged injuries and state (1) the reason for Plaintiffs contact with each such physician or healthcare professional; (2) the treatment Plaintiff received, if any; (3) the diagnosis or prognosis given by each such physician and healthcare professional; and (4) the medications, if any, prescribed by each physician and healthcare professional.

**ANSWER:**    In August of 2001, I was in a motor vehicle accident and suffered neck and shoulder injures and received treatment at Providence Hospital. I believe I saw Dr. Christopher Mc Mackin or his associate Lawrence Gimmoch for the case against Legal Sea Food. I suffered food poisoning.

**INTERROGATORY NO. 6:** Identify any expert whose services Plaintiff has engaged or plans to engage in this action or any expert who Plaintiff intends to or may call at a trial in this case, provide a summary of his or her qualifications as an expert and state the subject matter on which the expert was consulted, the substance of the testimony and/or opinions which the expert has provided, and give a summary of the factual basis for such testimony or opinions.

**ANSWER:**    I plan to use Dr. David Johnson, 106 Irving Street, N.W., Washington, D.C. I expect Dr. Johnson to testify about the treatment I received as a result of this injury. I expect him to testify concerning the relation between the incident and the treatment I received. I also expect him to testify concerning the necessity and reasonableness of his bills and any other medical treatment I received. Dr. Johnson is an orthopedist, licensed to practice in the District of Columbia. The number for Ginger Demille and Danton Demille (703)765-4530.

**INTERROGATORY NO. 7:**        Identify all lawsuits, complaints, charges, grievances and petitions, civil or criminal, filed by or against Plaintiff or her agents, representatives or attorneys in any judicial or administrative proceeding, by providing for each the dates of filing, the judicial or administrative body where the lawsuits, complaints, charges, grievances and petitions were filed, the parties involved, the subject matter covered and the outcome of each, including but not limited to settlement. Identify all relevant documents created in connection with such proceedings.

**ANSWER:**    The case against Mohammad El-Habib Achir went to the Court of Appeals in case 00830 in 2002. The Court ruled in my favor. The case numbers concerning the matters vs. Legal Sea Food, Inc. in the District of Columbia are 18124-96, 18125-96, 18126-96.

**INTERROGATORY NO. 11:**    To the extent Plaintiff has ever been called to testify or has testified in connection with any criminal, civil, administrative or regulatory proceeding (whether at a deposition, before a grand jury, at an evidentiary hearing or trial, and whether or not he was a party to the proceeding) in which her testimony touched upon or referred to any of the allegations contained in the Complaint, identify each such proceeding by stating the title and nature of the proceeding, the names and addresses of the parties to the proceeding, the name and addresses of the court or agencies in which it was filed, the substance of the testimony given therein by Plaintiff, the names and addresses of the persons who questioned Plaintiff, the determination, if any, rendered by the court or agency, the final resolution of the matter, the name and address of each attorney, if any, representing or counseling Plaintiff in connection with the testimony and all documents comprising, memorializing or relating to each such testimony.

**ANSWER:**    In August of 2002, I believe I gave a deposition in relation to the accident concerning Mohamed El-Habib Achir.

**INTERROGATORY NO. 14:**    Identify each and every job (including self-employment), full-time or part-time, temporary or permanent, Plaintiff has held at any time from May 1, 2005 to the present. State Plaintiffs hourly rate or annual salary in such job, the name and address of Plaintiffs employer and the name of Plaintiffs direct supervisor.

**ANSWER:**    The person who may have records concerning my employment is Dell Roberts 2135 Suitland Terrace, S.E. Washington, D.C. 20020, telephone number (202)543 0087.

## VERIFICATION

I swear and affirm that the foregoing Answers are true and accurate to the best of my

knowledge, information and belief.

Eugene Sherrod

SUBSCRIBED and SWORN before me this _5th_ day of _October_, 2007.

Notary Public

My Commission Expires: _Sept 13, 2008_

JONATHAN J. GOLDBERG
Notary Public, State of Maryland
County of Montgomery
My Commission Expires September 13, 2008

Respectfully submitted,

WARREN E. GORMAN, ESQ.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815
(301) 654-5757
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that the forgoing Motion was mailed first class postage pre-paid, on this _____ day of _____, 2007, to Elisabeth Moriarty-Ambrozaitis, Esq. Seyfarth Shaw LLP, 815 Connecticut Avenue, N.W. Suite 500, Washington, D.C. 20006.

WARREN E. GORMAN, ESQ.

# EXHIBIT N



| DC HOME | ABOUT DC | RESIDENTS | BUSINESS | VISITORS | DC GOVERNMENT | ✿ Kid |



## Organization Information

Adrian M. Fenty



**DCRA HOME**

**SERVICES**
Basic Business License
Business Resource
Center
Building/Land Regs
Compliance/Enforcement
Organization
Registration
Inspections
Land Plats
Licensing Center
Building Plan Review
 Status
Permits

**INFORMATION**

**ONLINE SERVICE
 REQUESTS**

## Online Organization Registration
### Search Registered Organizations

**Organization Details - Step** 1 2 3

To view another organization from the search, select the **Return to Search Results** button below. You may also **print** the organization details, or start a **new search**. Use the **Back to Main Page button** to continue the registration process.

| Organization | | Registered Agent |
|---|---|---|
| **Organization Name:** | MAID FOR A DAY, INC. | Eugene H Sherrod |
| **State:** | DC | 47 Bryant St.,N.W. |
| **Status:** | REVOKED | Washington, DC 20001 |
| **Initial Date of Registration:** | 2/5/1981 | |
| **File No.:** | 810535 | |
| **Organization Type:** | DOMESTIC BUSINESS CORPORATION | |

[ << Back to Main Page ] [ < Return To Search Results ] [ Print Results ] [ New Search ]

For more information, contact the BBL Info Center at (202) 442-4432 or Ask the Director .

Government of the District of Columbia
Citywide Call Center : (202) 727-1000
TTY/TDD Directory

Telephone Directory by Topic |
Agencies | DC Council | Search
| Elected Officials
Feedback | Translation |
Accessibility | Privacy & Security
| Terms & Conditions

John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

# EXHIBIT O

ATLANTA

BOSTON

CHICAGO

HOUSTON

LOS ANGELES

NEW YORK

SACRAMENTO

SAN FRANCISCO

WASHINGTON, D.C.

BRUSSELS

**SEYFARTH SHAW** LLP
A T T O R N E Y S

815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
202-463-2400
fax 202-828-5393
www.seyfarth.com

Writer's direct phone
**(202) 828-3556**

Writer's e-mail
kgrossenbacher@seyfarth.com

July 19, 2007

**VIA FACSIMILE AND FIRST CLASS MAIL**

Warren E. Gorman, Esq.
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815

Re:    Sherrod, et al. v. Four Seasons Hotels Limited

Dear Mr. Gorman:

Attached please find a subpoena directed to Eugene Sherrod in his capacity as registered agent for Maid for a Day. Since you represent Mr. Sherrod in this litigation, we did not believe it was appropriate if for us to serve him directly by process server. Please let us know immediately if you do not accept service of process on behalf of Mr. Sherrod, and we will arrange for a process server to serve the attached subpoena on him. Otherwise, we will expect compliance with the subpoena by the return date.

If you have any questions regarding the above, please do not hesitate to contact me.

Very truly yours,

SEYFARTH SHAW LLP

Katja Grossenbacher

KG:ml
Enclosures

DC1 30203143.1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF ——— Columbia

| Vashti Sherrod, et al | SUBPOENA IN A CIVIL CASE |
| v. | |
| Four Seasons Hotels Limited | CASE NUMBER: 1:07-cv-00784-JDB |

TO: Maid For A Day
Attn: Dell Roberts
c/o Registered Agent Eugene Sherrod
47 Bryant Street NW
Washington, DC 20001

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | |
| Seyfarth Shaw LLP, 815 Connecticut Avenue, NW, Suite 500, Washington, DC 20006 | DATE AND TIME |
| | August 6, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| Attorney for Defendant | July 19, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Elisabeth Moriarty-Ambrozaitis, Esq., Seyfarth Shaw LLP, 815 Connecticut Avenue, NW, Suite 500, Washington, DC 20006 (202) 828-5368

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                                        SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Attachment A

The subpoena duces tecum to which this Schedule is attached requires you to produce for inspection and/or copying all of the following documents and objects:

- Any and all documents related to Vashti Sherrod, including but not limited to, her complete personnel file(s), documents related to the payment of wages to Ms. Sherrod, and documents that reflect Ms. Sherrod's attendance at work, tardiness at work and absences from work.

- Any and all documents related to Eugene Sherrod, including but not limited to, his complete personnel file(s), documents related to the payment of wages to Mr. Sherrod, and documents that reflect Mr. Sherrod's attendance at work, tardiness at work and absences from work.

As used in this subpoena and Attachment A, the term "documents" is to be interpreted broadly and in its most inclusive sense, and includes, but is not limited to, physical documents, electronic data and communication, notes, correspondence, memoranda, copies thereof, e-mails, and any other form of documentation or recording, whether formal or informal.